OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the complaint dismissed.
Plaintiff was severely injured when the automobile he was driving southbound on Preston Hill Road was struck by an eastbound automobile at the intersection with Hillsboro Road, both of these highways being county roads. Plaintiff brought this personal injury action against the County of Oneida alleging that the county had negligently failed to review its existing traffic safety plan in light of the accident history at the intersection and to alter the plan by maintaining additional signs on both roads.
Although the county had a continuing duty to review its traffic safety plan in light of actual operation (see Gutelle v City of New York, 55 NY2d 794), on the facts of this case it cannot be said that plaintiff’s injuries were proximately caused by a breach of duty by the county. In light of this disposition, the question of what standard of care applies to the county’s duty to review its traffic safety plan is not reached.
On the north-south road, the county had erected cautionary signs advising of the intersection ahead. The east-west road had “Stop” signs at the intersection and “Stop Ahead” signs placed more than 500 feet in advance of the intersection. Plaintiff argues that the county also should have maintained flashing red lights on the east-west road and *842 flashing yellow lights on the north-south road with an advisory speed sign for southbound motorists, and that its failure to do so was a proximate cause of his injuries.
Plaintiff, however, admitted his familiarity with the location and the character of the intersection, having driven through it as many as 10 to 20 times a day over a five-year period. The driver of the other automobile had lived in the area for 24 years at the time of the accident and was also familiar with the intersection and its right of way.
Plaintiff argues that added lights and signs would have better served to warn drivers of the intersection’s character. Inasmuch as both drivers were well acquainted with the intersection and its right of way and all possible obstructions, under the instant facts, the county’s failure to erect the additional lights and sign cannot be deemed a proximate cause of plaintiff’s injuries.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in memorandum.
Order reversed, etc.