■ Edwin C. Pupke et al., Respondents, v Daniel Shaw et al., Appellants, and City of New York, Respondent, et al., Defendant. (And a Third-Party Action.)—In an automobile negligence action to recover damages for personal injuries, etc., the defendants Daniel Shaw and Joseph Shaw appeal, as

limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Lodato, J.), dated February 26, 1985, which, after a jury trial on the issue of liability only, is in favor of the plaintiffs and against them and in favor of the defendant City of New York on its cross claim and against them.

Interlocutory judgment affirmed insofar as appealed from, without costs or disbursements.

This action arose out of a two-car accident which occurred on July 10, 1980, at approximately 8:45 P.M., on Beach Channel Drive in the vicinity of Beach 123rd Street in the Rockaway section of Queens. This area had a problem with the operation of the overhead street lights apparently caused by the underground feeder for electricity supplied by the Long Island Lighting Company (hereinafter LILCO), which, pursuant to a contract with the City of New York, was responsible for the maintenance of the roadway and street lights. Welsbach Electric Company (hereinafter Welsbach) also had a contract with the city to repair and maintain the street lights. Prior to charging the jury, the trial court dismissed all claims against LILCO and Welsbach.

At the time of the accident, the defendant Daniel Shaw was driving his father's 1965 Rambler westbound along Beach Channel Drive. The plaintiff Edwin Pupke was driving eastbound on Beach Channel Drive in a 1974 Thunderbird owned by the plaintiff Valerie Gronbacher, who was a passenger in the vehicle. According to the testimony of a police officer who arrived at the scene shortly after the accident, after the impact, the westbound Shaw vehicle was in the eastbound lanes. The officer stated that the Shaw vehicle had spun around at a 45-degree angle and was facing in an easterly direction in the eastbound curb with major damage on the left front side.

The principal theory of liability asserted against the city was based upon the fact that the street lights on the roadway were inoperative. However, Daniel Shaw testified that he was familiar with the roadway, because, since he obtained his license in 1966, he traveled on Beach Channel Drive whenever he went to the beach. The plaintiff Edwin Pupke also testified that he had traveled on the same route during both the night and the day on many occasions for over 30 years. Daniel Shaw also stated that as he entered a 45-degree curve which began between Beach 122nd Street and Beach 123rd Street, he put both hands on the steering wheel, applied the brake, and then

saw a pair of headlights a few feet in front of him. On cross-examination, Shaw admitted that while he recalled the roadway being dim in some places, he did not have any difficulty in following the road, as the following testimony clearly indicates:

"Q And about 120th Street on Beach Channel Drive you are driving westbound, correct?

"A Correct.

"Q And you at that point and at every point up until the impact had absolutely no trouble seeing the road; isn't that correct?

"A Essentially correct. I recall it as being somewhat dim in places, but I don't recall any difficulty in following the road.

"Q And you had no difficulty following the road which includes the double line separating eastbound, westbound traffic?

"A That's correct.

"Q And in fact you testified just a little earlier that there came a point which we will get to in a while when you began to adjust your power steering to accommodate this bend in the road?

"A That's correct.

"Q The lights being on or off, dim, hazy, you saw the roadway, you saw the road markings, correct.

"A Correct."

Edwin Pupke stated that while he knew there was a curve on Beach 123rd Street along Beach Channel Drive he never reached it because prior to that point he saw a flash and then only recalled waking up in the hospital. After its deliberations, the jury rendered a verdict finding the defendant Daniel Shaw 100% at fault for the accident, and the plaintiff Edwin Pupke and the City of New York not at fault.

Contrary to the appellants' contentions on this appeal, the trial court's charge to the jury was sufficiently clear and proper in all respects. Specifically, a reading of the charge reveals that the court properly instructed the jury that it could infer that the defendant Daniel Shaw was negligent if it found that his vehicle crossed over the center of the roadway into the path of the oncoming traffic (see, Pfaffenbach v White Plains Express Corp., 17 NY2d 132). Under the circumstances of this case, the charge in this regard was sufficient since Daniel Shaw had offered no excuse or explanation for crossing the center lines into the eastbound lanes.

Also, based upon the testimony of Daniel Shaw and Edwin Pupke, who both testified they were able to see the road conditions, the trial court properly instructed the jury that the failure to post signs warning of the inoperative street lights was not a proximate cause of the accident (see, Atkinson v County of Oneida, 59 NY2d 840, 842).

We also find that there is sufficient evidence in the record to support the jury's verdict finding the defendant Daniel Shaw to be 100% at fault for the accident, and that it cannot be said that the evidence was so preponderant in his favor that the verdict could not have been reached on any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129; O'Boyle v Avis Rent-A-Car Sys., 78 AD2d 431).

Further, we find no merit to the appellants' contention that the court erred in denying their motion to set aside the verdict because of certain attorneys' misbehavior and because of the jurors' personal feelings toward one of those attorneys. While we do not condone the conduct displayed by some of the attorneys, we agree with the Trial Judge's determination, after an extensive inquiry and questioning of all the jurors, that the jury's verdict was based upon the evidence. Most of the specific instances of alleged misbehavior cited by the appellants took place outside the hearing of the jury. Additionally, the trial court repeatedly instructed the jury to only consider the evidence in the case and not be influenced by the comments or arguments made by counsel, sufficiently shielding the jury from most of the improper comments of counsel. Finally, we take this occasion to note that counsel for the City of New York should have declined to enter into any discussions with jurors who were still involved in the trial on the issue of damages. Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.