■ THERESA A. SCHEEMAKER, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 66508.)—Judgment unanimously affirmed, with costs. Memorandum: For reasons stated in the decision of the Court of Claims, we agree that the State was negligent for failing to control the speed of vehicles passing through the subject intersection and for conducting an incomplete safety investiga-

tion of the accident site prior to the accident; that the State's negligence was a proximate cause of the accident; that claimant also was negligent for failing to observe the other vehicle which was there to be seen; and that the apportionment of liability of 75% to claimant and 25% to the State is supported by the evidence.

Each driver's familiarity with the accident site does not preclude liability as a matter of law. Whether claimant's injuries were proximately caused in part by the State's negligence presented questions of fact. The cases of *Atkinson v County of Oneida* (59 NY2d 840) and *Ball v State of New York* (96 AD2d 1139, *affd* 61 NY2d 990) relied upon by the State are not controlling under the facts of this case. In both *Atkinson* and *Ball,* the drivers were aware of legally binding stop signs which, if obeyed, would have prevented the accident. The instant case differs in that there was no legally binding control governing the intersection which, if followed, would have prevented the accident. The posted advisory speed signs are not binding and were customarily ignored, which fact was known to the State. While both parties to the accident were familiar with the intersection, both were acting within the law and in accordance with common practice. Under such circumstances, the State's failure to post lower mandatory speed limit signs at this dangerous intersection may be deemed a proximate cause of the accident.

We note finally that on this record the State did not establish a seat belt defense as a matter of law *(see, Spier v Barker,* 35 NY2d 444; 1 NY PJI2d 695), and that, in any event, the trial court properly could have disregarded claimant's alleged failure to use a seat belt since claimant's doctor indicated that her injuries could have been caused by acute flexion rather than the impact of the collision. (Appeal from judgment of Court of Claims, Quigley, J.—negligence—automobile.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.