OPINION OF THE COURT
 

 Memorandum.
 

 The order should be affirmed, with costs.
 

 The record contains sufficient proof to create a question of fact as to the State’s negligence in failing to conduct an adequate investigation and study in making its determination that the 25-mile-per-hour advisory speed sign was the appropriate traffic control device for the intersection. Thus, we reject the State’s argument that it is protected from liability under the doctrine of qualified immunity stated in
 
 Weiss v Fote
 
 (7 NY2d 579;
 
 see, Alexander v Eldred,
 
 63 NY2d 460, 465, 466;
 
 cf., Friedman v State of New York,
 
 67 NY2d 271, 280). We agree with the Appellate Division that
 
 Atkinson v County of Oneida (59
 
 NY2d 840) is distinguishable and that, therefore, the record presents a factual question whether the State’s negligence was the proximate cause of the accident. Because they have support in the record, the affirmed findings as to the State’s negligence, apportionment of fault between claimant and the State and the rejection of the State’s seat belt defense
 
 (see, Spier v Barker,
 
 35 NY2d 444) are matters beyond our review. The State’s alternative argument, urged for the first time on appeal, that claimant’s failure to use a seat belt should have been considered on the issue of her comparative fault was not preserved for review.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 
 *987
 
 Order affirmed, with costs, in a memorandum.