■ KEVIN CONNOLLY, Respondent, v ST. PAUL FIRE & MARINE INSURANCE COMPANY, Appellant. [603 NYS2d 611] —Weiss, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 26, 1992 in Schenectady County, which, inter alia, granted plaintiff's motion for summary judgment and made a declaration in favor of plaintiff.

Plaintiff was seriously injured when struck by an automobile while riding his bicycle and commenced an action against the owner and operator of that vehicle. Because of the serious nature of his injuries, plaintiff also sought benefits provided in the underinsured motorist provision in the policy covering an automobile owned by his stepfather, Bruce Jackson. At the time of the accident, Jackson also had an additional insurance policy sold by defendant, which is at issue herein, entitled "Personal Liability Catastrophe Policy" commonly referred to as an umbrella liability policy. The instant action was commenced seeking a declaration that the umbrella policy issued by defendant provides underinsured motorist coverage up to the policy limits. Supreme Court granted plaintiff's motion for summary judgment declaring that such coverage exists and denied a cross motion for summary judgment in favor of defendant declaring that the policy issued does not provide underinsured motorist coverage to the benefit of plaintiff. On this appeal, defendant contends that no ambiguity existed in the policy and that the policy clearly provides coverage only for claims made against the named insured, not claims made by the insured.

Plaintiff's argument that coverage exists is focused on the specific exclusion paragraph which states:

"Five Types of Claims Not Covered by This Policy

"This policy does not cover five types of claims: * * *

"5. We won't cover uninsured motorists or no-fault auto insurance claims."

Plaintiff contends that by failing to specifically exclude under-insurance* claims, the exclusion created an ambiguity as to whether such coverage exists in the first instance, which ambiguity must be resolved in favor of the insured *(see, United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232).

As we noted in *State of New York v American Mfrs. Mut. Ins. Co.* (188 AD2d 152), in the process of interpreting an insurance policy an unambiguous provision must be given its plain and ordinary meaning *(see, Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868). The policy is self described as a liability policy and in setting forth the type of coverage it renders, it clearly and precisely states: "But remember, this is a liability policy. It covers only someone else's claim against you."

Thus, the terms and provisions of the policy clearly establish that it is a liability policy and, when examined in the whole context *(see, Murray Oil Prods. v Royal Exch. Assur. Co.,* 21 NY2d 440), it does not imply that any other type of insurance is provided. In assigning each of the various parts its proper role, the strained ambiguity perceived by plaintiff in the exclusionary clause will not create additional insurance coverage not otherwise arguably existent within the policy; nor should a court strain itself to find an ambiguity where words have a definite and precise meaning *(see, Pergament Distribs. v Old Republic Ins. Co.,* 128 AD2d 760, *lv denied* 70 NY2d 607). A court may not create policy terms by implication or rewrite an insurance contract *(Adorable Coat Co. v Connecticut Indem. Co.,* 157 AD2d 366, 369), which in essence is what was done by Supreme Court. Accordingly, because we find that a plain and ordinary reading of the policy reveals only liability coverage, the order must be reversed and a declaration issued that no coverage is available to plaintiff for underinsurance coverage in the umbrella policy issued by defendant.

Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied,

---

* Underinsurance motorist benefits have been held to be merely a form of uninsured motorist benefits *(see,* Insurance Law § 3420 [f] [2]; *Reichel v Government Empls. Ins. Co.,* 66 NY2d 1000, 1003).

cross motion granted and it is declared that the "Personal Liability Catastrophe Policy" issued by defendant does not provide underinsurance motorist benefits.