■ THERESA DUPELL, as Administratrix of the Estate of MARK L. DUPELL, Deceased, Respondent, v STEPHANE LEVESQUE et al., Respondents, and BUSHEY, INC., Appellant. [603 NYS2d 369] —Weiss, P. J. Appeals from an order and amended order of the Supreme Court (Dier, J.), entered January 15, 1993 and February 2, 1993 in Washington County, which denied defendant Bushey, Inc.'s motion for summary judgment dismissing the complaint and cross claims against it.

Plaintiff's decedent was killed while working as a laborer for a subcontractor on a construction project on Interstate Route 87 when he was struck by vehicles owned by defendants James W. Allot and Transport Arnico, Inc. and operated by defendants Patricia W. Allot and Steven Levesque. In this wrongful death action, plaintiff alleged that defendant Bushey, Inc., the general contractor, "negligently * * * marked, signed, directed traffic, barricaded and otherwise failed to provide a safe work area for * * * decedent". In their bills of particulars in cross claims against Bushey, Allot, Levesque and Transport Arnico alleged, *inter alia,* negligence in the placement of signs along the highway some distance before the work and accident site by indicating that the left lane was closed when in fact the right lane was closed. Based on deposition testimony of the two drivers, Bushey moved for summary judgment dismissing the complaint and cross claims against it on the ground that the negligent placement of the signs and the misidentification of which lane was closed were not a proximate cause of the accident and death. Bushey contends that both drivers had become aware of the construc-

tion site notwithstanding the erroneous signs and had sufficient opportunity to change to the correct lanes and effectively reduce the speed of their vehicles. Supreme Court, without a written decision or any other indication of its reasoning, a practice this Court has consistently criticized *(Marine Midland Bank v Cafferty,* 174 AD2d 932; *Northeast Sav. v Rodriguez,* 159 AD2d 820, 821, *rearg granted and decision amended* 162 AD2d 749, *appeal dismissed* 76 NY2d 889; *Dworetsky v Dworetsky,* 152 AD2d 895, 896), denied the motion. Bushey has appealed.

The issue distills to whether the movant conclusively established that the negligence of the drivers of the two vehicles was the sole legal cause of decedent's death. Although Bushey concedes that its signs were negligently placed on the highway, it argues that its negligence was not a proximate cause of the death. Supreme Court rejected that argument, but as we have already stated, failed to provide the parties and this Court with the reasons for such denial. We can only assume from this record that the court found triable issues of fact to exist as to whether the conceded negligence of Bushey was a proximate cause of the death. Proximate cause is ordinarily a factual issue for resolution by a jury and therefore it is "only [when] one conclusion may be drawn from the established facts [may] the question of legal cause * * * be decided as a matter of law" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see also, Kriz v Schum,* 75 NY2d 25, 35-36; *Boltax v Joy Day Camp,* 67 NY2d 617, 619; *Meseck v General Elec. Co.,* 195 AD2d 798). The fabric in these cases exhibits a common thread equally pertinent here, i.e., whether the precise risk of the very conduct which occurred constituted the principal reason for proper placement of the warning signs *(see, Meseck v General Elec. Co., supra).*

The record shows that while both drivers may have been somewhat familiar with the area, had a long-range view as they approached the construction site and actually attempted to reduce their speed, it cannot be said as a matter of law that the alleged negligent placement of warning signs by Bushey was not a proximate cause of the accident, particularly when Bushey has conceded that the placement may have been at a lesser distance than preferred and that the signs erroneously indicated which lane was closed *(see, Plantikow v City of New York,* 189 AD2d 805, 806; *Scheemaker v State of New York,* 125 AD2d 964, 965, *affd* 70 NY2d 985; *Koester v State of New York,* 90 AD2d 357, 361-362).

We have examined the cases relied upon by Bushey *(see,*

*Applebee v State of New York,* 308 NY 502; *Frank v City of New York,* 163 AD2d 254; *Donaghy v Bilotti,* 159 AD2d 478, *lv denied* 76 NY2d 702; *Campbell v State of New York,* 158 AD2d 499) and find them distinguishable on the basis that in each an unforeseeable superseding event occurred and broke any potential causal nexus between the defendant's negligence and the claimant's injury *(see, Campbell v State of New York, supra),* clearly not the situation here. On the contrary, it was foreseeable that drivers of vehicles approaching the construction site would rely upon and comply with warning signs directing that they change their lanes of travel.

Mikoll, Yesawich Jr., Crew III and White, JJ., concur. Ordered that the order and amended order are affirmed, with one bill of costs.