■ JOHN FLYNN et al., Respondents-Appellants, v GARY TIMMS, Respondent-Appellant, and GENERAL ACCIDENT INSURANCE COMPANY OF NEW YORK, Appellant-Respondent. (And Another Related Action.) [606 NYS2d 352] —Weiss, P. J. Cross appeals from an amended order of the Supreme Court (Dier, J.), entered September 10, 1992 in Warren County, which, *inter alia,* denied a motion by defendant General Accident Insurance Company of New York for summary judgment dismissing the complaint and all cross claims against it.

On August 25, 1989, plaintiffs contracted with defendant Gary Timms for the construction of retaining walls along the east and west boundary lines of their property at Glen Lake in Warren County to facilitate construction of their home. On November 28, 1989, while the walls were being erected, the wall on the west side partially collapsed and remains in a dangerous, unstable condition impairing the adjoining property owned by Marcia Smith and Arthur Smith. As a result, the hillside and portion of the lot on plaintiffs' property immediately above the wall is unsuitable for construction of their home.

Defendant General Accident Insurance Company of New York had issued a "Master Craftsman Contractor's" insurance policy to Timms naming plaintiffs as certificate holders. General Accident disclaimed liability, citing three exclusionary clauses in its policy which has given rise to this action by plaintiffs against Timms to recover the cost of repair or replacement of the collapsed wall. The complaint includes causes of action against General Accident seeking a declaration that the policy provided coverage for their losses, including the cost of rebuilding the wall, and delay damages caused by the collapse and resultant inability to use the lot for construction. Following discovery, General Accident moved for summary judgment dismissing the complaint against it on the ground that its policy specifically excluded coverage for the cost of reconstruction of Timms' work product. Both Timms and plaintiffs opposed, the latter cross-moving against General Accident for summary judgment declaring that the policy covered their losses. Supreme Court, without a written deci-

sion, denied both motions.[1] General Accident has appealed, and Timms[2] and plaintiffs have cross-appealed.

The sole issue is whether any of the three cited exclusionary clauses in the policy exclude coverage for plaintiffs' loss. Initially we note that, in the interpretation of an insurance contract, unambiguous provisions must be given their plain and ordinary meaning (see, Connolly v St. Paul Fire & Mar. Ins. Co., 198 AD2d 652; State of New York v American Mfrs. Mut. Ins. Co., 188 AD2d 152, 155). A court will not strain to find an ambiguity where words have a definite and precise meaning, nor will it create policy terms by implication to rewrite a contract (see, Connolly v St. Paul Fire & Mar. Ins. Co., supra). Here, the policy terms are clear and although plaintiffs attempt to tailor the circumstances of their loss to circumvent the exclusions,[3] the actual facts to which policy provisions are applied remain undisputed.

The first exclusionary provision relied upon by General Accident is clause B-1-k (5). This clause excludes coverage for damages to any part of real property upon which construction work is in progress which damages arise out of the construction work. It is undisputed that the wall was incomplete and that work was in progress when it collapsed. Clearly, the exclusion applies to the damaged retaining wall and plaintiffs' damages are due to the loss of use of the wall.

Plaintiffs also contend the exclusion from coverage in clause B-1-n (1) for incomplete work asserted by General Accident is not applicable. They contend that the wall was already in use as a retaining wall, thereby triggering an exception to the exclusion. This argument too must fail because we have already held the wall was incomplete and under construction at the time of its collapse. The exception is inapplicable

---

1. We cannot emphasize too strenuously our displeasure with Supreme Court Justices who, despite admonitions, continue to decide cases without written decisions (see, Dupell v Levesque, 198 AD2d 712; Marine Midland Bank v Cafferty, 174 AD2d 932; Northeast Sav. v Rodriguez, 159 AD2d 820, 821, appeal dismissed 76 NY2d 889; Dworetsky v Dworetsky, 152 AD2d 895, 896).

2. Timms failed to perfect his appeal.

3. Plaintiffs argue alternate positions concerning the facts in their appellate brief, stating, among other contentions, that the real property was not damaged and that their claims are for the loss of use of the wall, and not for damages to the wall itself. Plaintiffs also contend that the wall had been put to its intended use and not taken out of service. However, use of plaintiffs' property is limited and they seek damages for loss of use and replacement of the wall.

because the wall had not been put to its intended use. Accordingly, the exclusion would apply.

The last exclusion relied upon by General Accident is clause B-1-o, which states:

"Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

"(1) 'Your product';

"(2) 'Your work'; or

"(3) 'Impaired property'; if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

Contrary to plaintiff Rita Flynn's contradictory assertions that the wall has not "been discontinued in its use * * * [and] [i]n fact, the retaining wall is presently still in use on my property, and is still retaining the areas intended to be retained", the wall was not put to its intended use nor is it retaining the hillside as designed or intended. To the extent that it could be argued that the wall was placed into service to retain earth, it failed to do so safely, and plaintiffs have admitted that their ability to use the wall is limited because of the collapse and its defective, unsafe condition. The exclusion is applicable and precludes liability for the cost to repair or replace the wall.

We find no merit to plaintiffs' remaining contention. The inland marine supplemental endorsement unambiguously refers to equipment coverage endorsements which are not at issue herein.

Mikoll, Yesawich Jr., Mahoney and Casey, JJ., concur. Ordered that the amended order is reversed, on the law, without costs, cross motion denied, motion granted, summary judgment awarded to defendant General Accident Insurance Company of New York, it is declared that the insurance policy issued by General Accident to defendant Gary Timms does not cover plaintiffs' losses as set forth in the January 15, 1990 complaint, and said complaint is dismissed against General Accident.