■ CURTIS J. BARTON, Appellant, v TOWN OF MALONE, Respondent, et al., Defendants. [615 NYS2d 515] —Mercure, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered November 4, 1993 in Franklin County, which granted defendant Town of Malone's motion for summary judgment dismissing the complaint against it.

Plaintiff brought this action to recover for injuries sustained in a May 27, 1986 accident which took place at the intersection of Cady Road and Bear Road in the Town of Malone, Franklin County. It is undisputed that the collision occurred when plaintiff attempted a left turn from Cady Road onto Bear Road and drove into the path of defendant Leroy M. Jewtraw's oncoming vehicle. The cause of action against defendant Town of Malone is based upon the Town's alleged improper design, construction, maintenance, signing and traffic control with respect to Cady Road and, particularly, its failure to provide adequate sight distance for westbound motorists on Cady Road attempting a left turn onto Bear Road or to provide adequate warning of the limited sight distance.

Following joinder of issue and discovery, the Town moved for summary judgment dismissing the complaint against it. Although plaintiff submitted a detailed affidavit of a professional engineer opining that the road was improperly designed and that such improper design was the proximate cause of the accident, based upon the parties' deposition testimony Supreme Court concluded that defective design and signing was not a proximate cause of the accident. Plaintiff now appeals from the order granting summary judgment in favor of the Town.

We conclude that plaintiff made an evidentiary showing sufficient to raise factual issues both as to the Town's negligence and proximate causation. We accordingly reverse. Initially, it is our view that plaintiff's deposition testimony that he had previously traveled through the intersection "maybe, three or four times a year" provides insufficient support for Supreme Court's finding that plaintiff was aware of the danger posed by the limited sight distance. The decision of the Court of Appeals in *Atkinson v County of Oneida* (59 NY2d 840), relied upon by Supreme Court, provided a far stronger case. There, the plaintiff "admitted his familiarity with the

location and the character of the intersection, having driven through it as many as 10 to 20 times a day over a five-year period" *(supra,* at 842). The current situation is far more analogous to *Alexander v Eldred* (63 NY2d 460, 469), where the Court of Appeals concluded that the "special circumstances" of *Atkinson v County of Oneida (supra)* were not present and there was an insufficient basis for a finding that the drivers' familiarity superseded any negligence. Similarly, plaintiff's negative response to a deposition inquiry as to whether he looked for eastbound vehicles on Cady Road before starting his turn did not permit determination of the issue of proximate causation as a matter of law. Significantly, the statement was directly contradicted by other deposition testimony and appears, in context, to have been the product of some confusion. At most, it created an issue for determination by the trier of fact *(see, Brancati v Bar-U-Farm,* 183 AD2d 1027, 1030).

Mikoll, J. P., Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.