■ E. AVERY McCARTHY, as Administrator of the Estate of J. GILBERT PARKER, Deceased, Respondent, v AMEX ASSURANCE COMPANY, Appellant. [636 NYS2d 475] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered December 28, 1994 in Schenectady County, which, *inter alia*, granted plaintiff's cross motion for summary judgment.

In February 1990, defendant issued to plaintiff's decedent, J. Gilbert Parker, a "Long Term Care Insurance Nursing Home Indemnity Policy" (hereinafter the policy), which was to provide daily benefits to Parker in the event that he was confined as a patient in a nursing home, following a "deductible period" comprised of his first 20 consecutive days as a nursing home patient. Parker became an inpatient at a nursing home on June 11, 1993. Five days later, on June 16, 1993, he was transferred to a hospital due to a pulmonary condition. He remained there until his death on August 6, 1993. Although Parker was not physically present at the nursing home from

June 11, 1993 to August 6, 1993, he was nonetheless charged a "subsistence charge" for room and board to guarantee that his space at the nursing home would be available upon his expected return from the hospital.

Following Parker's death, plaintiff, as the administrator of his estate, filed a claim on the policy for payment of the subsistence charge of $8,944 incurred by Parker at the nursing home from June 11, 1993 to August 6, 1993. Defendant denied the claim and this action ensued.

After both sides had moved for summary judgment, Supreme Court ruled in favor of plaintiff on the ground that the policy was ambiguous in conditioning payment of benefits upon the passage of a 20-day "deductible period", during which the insured had to be an inpatient residing at the nursing home. Defendant appeals.

We reverse. A review of the policy discloses that its terms are straightforward and unambiguous. The policy states that the insurer will provide benefits "for each Day Of A Nursing Home stay after the Deductible Period, if * * * *You are confined as an inpatient in the Nursing Home* and a room and board or subsistence charge is made for that day" (emphasis supplied). The "Deductible Period" is defined as "the number of consecutive days [20 days, in Parker's case] at the start of each Nursing Home stay needed to qualify for benefits". Hence, a "nursing home stay" connotes a period of confinement as a patient in a nursing home. Under this definition, we must reject plaintiff's contention that a "nursing home stay" can reasonably be interpreted as the status of being physically present at another health care facility while continuing to accrue subsistence fees at a nursing home. In this case, the only reasonable interpretation of the relevant policy provisions is that Parker's right to receive benefits to defray his nursing home expenses was never triggered because he had not been confined to a nursing home for the requisite 20-day deductible period.

Coverage of a contract of insurance cannot be extended beyond the obvious intent and meaning of the contract terms (*see, Breed v Insurance Co.*, 46 NY2d 351, 355). "A court will not strain to find an ambiguity" in the language of an insurance contract where the meaning of its words are clear (*Flynn v Timms*, 199 AD2d 873, 874; *see, Connolly v St. Paul Fire & Mar. Ins. Co.*, 198 AD2d 652, 653; *Miccio v National Sur. Corp.*, 170 AD2d 937, 938). Finding no ambiguity in the terms of the policy issued by defendant, we reverse and grant summary judgment in defendant's favor.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted, summary judgment awarded to defendant and complaint dismissed.