■ DONALD A. ALBER, Individually and as Administrator of the Estate of ROBERTA A. ALBER, Deceased, Appellant, v STATE OF NEW YORK, Respondent. [675 NYS2d 689] —Carpinello, J. Appeal from a judgment of the Court of Claims (Benza, J.), entered July 25, 1997, upon a decision of the court in favor of the State.

On January 24, 1992 at approximately 12:15 P.M., a vehicle driven by claimant's decedent was struck by a Conrail train at a railroad crossing in the Town of New Baltimore, Greene County. According to the sole eyewitnesses, Robert Thamsen and Gerald Wenzel, the train's operator and brakeman, the train's lights were on and the whistle was sounded immediately prior to the accident. They observed decedent's vehicle approach the tracks at a high rate of speed and then slow down and come to a stop partially on the tracks. Thamsen was unable to stop the train in time to avoid the fatal collision. The record indicates that although there was no clearance line marking on the roadway before the crossing, there was a functioning lighted signal tower present and a crossbuck painted on the roadway indicating the approach to a railroad crossing. Claimant, decedent's husband and the administrator of her estate, filed this claim alleging, *inter alia*, that the State's negligence in failing to place the clearance line at the intersection 15 feet from the nearest rail in violation of the manual of Uniform Traffic Control was the proximate cause of the accident leading to decedent's death. Following a trial, the Court of Claims dismissed the claim and claimant appeals.

We affirm. In our view, the verdict was not against the weight of the evidence and we find no reason to disturb the Court of Claims' conclusion that although claimant made a prima facie case of the State's negligence in failing to paint a clearance line at the proper distance, this negligence was not the proximate cause of the collision. It is well settled that the

absence of a warning sign on a roadway is not a substantial cause of an accident if the injured party is sufficiently familiar with the area so as to " 'actually [have] the danger in mind' as he [or she] approached it on the highway, or if other signs gave adequate warning of the danger" (*Koester v State of New York*, 90 AD2d 357, 362; *see, Atkinson v County of Oneida*, 59 NY2d 840, 842).

Here, as noted by the Court of Claims, claimant and decedent lived approximately one-half mile from the railroad crossing and claimant testified that decedent, who was a fully trained school bus driver, drove over the crossing two to four times a day for several years prior to the accident. In addition, the evidence established that although there was no clearance line at the time of the accident, such a mark had existed several years prior and was removed by repaving. Significantly, claimant testified that decedent was aware of where the clearance mark used to be and she always stopped behind it at the crossing. Accordingly, based upon decedent's thorough familiarity with the intersection and the presence of other warning signs, the Court of Claims did not err in concluding that the absence of the clearance line was not a substantial cause of the accident (*see, Atkinson v County of Oneida, supra*, at 842). While it is true that this Court is empowered to render a judgment as warranted by the record in nonjury cases, it cannot be ignored that "the Court of Claims had the advantage of observing the witnesses firsthand and was in a better position to assess the evidence and weigh credibility" (*Newland v State of New York*, 205 AD2d 1015, 1016).

The remaining issues raised by claimant have been examined and found to be unpersuasive. The Court of Claims did not abuse its discretion in allowing Thamsen and Wenzel to testify despite the State's failure to include their names on a witness list. We find no evidence that this absence was willful (*see, Ashline v Kestner Engrs.*, 219 AD2d 788, 790-791) and any prejudice accruing to claimant was minimal in that both men were identified in the police report and in earlier motion papers before the court. We also reject claimant's assertion that the Court of Claims erred in crediting their testimony in light of the *Noseworthy* doctrine (*see, Noseworthy v City of New York*, 298 NY 76). Although this doctrine permits a "relaxed burden of persuasion" (*Ether v State of New York*, 235 AD2d 685, 687) in cases such as this where the accident victim cannot provide his or her own account, claimant incorrectly maintains that all testimony of interested witnesses must be rejected as a matter of law. Significantly, the court specifically discussed the ap-

plicability of *Noseworthy* but nevertheless concluded that the State's witnesses were credible, a finding we decline to disturb on appeal.

Cardona, P. J., White, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.