■ EVELYN A. GREGG, by DENNIS H. GREGG, as Attorney-in-Fact, Appellant, v IDS LIFE INSURANCE COMPANY OF NEW YORK, Respondent. [692 NYS2d 182] —Mikoll, J. P. Appeal from an order of the Supreme Court (Rumsey, J.), entered October 8, 1998 in Madison County, which, *inter alia,* granted defendant's cross motion for summary judgment and made a declaration in its favor.

Plaintiff purchased a "Long Term Care Insurance Nursing Home Indemnity Policy" from defendant providing for the payment of daily benefits in the event plaintiff became confined as a patient in a nursing home. After suffering a stroke in 1997, plaintiff moved to Wynwood Commons (formerly known as Liberty Commons), and thereafter submitted a claim for benefits under the policy. Defendant denied the claim on the ground, *inter alia,* that Wynwood Commons is not a "nursing home" within the meaning of the policy. Plaintiff commenced this action seeking a declaration that Wynwood Commons meets the policy definition of a "nursing home" and that she is entitled to benefits thereunder. Supreme Court granted defendant's cross motion for summary judgment, holding that Wynwood Commons is not a "nursing home" within the meaning of said policy. Plaintiff appeals and we affirm.

Coverage under a contract of insurance will not be "extended beyond the obvious intent and meaning of the contract terms", nor will we strain to find ambiguities in words whose meanings are clear (*McCarthy v AMEX Assur. Co.,* 223 AD2d 819, 820; *see, Flynn v Timms,* 199 AD2d 873, 874; *Connolly v St. Paul Fire & Mar. Ins. Co.,* 198 AD2d 652, 653). Contrary to plaintiff's assertions, there is no ambiguity in the policy's definition of "nursing home", which reads, in pertinent part, as follows: "A facility or distinctly separate part of a hospital or other institution *which is licensed by the appropriate licensing agency to engage primarily in providing nursing care and related services to inpatients*" (emphasis supplied). Following the

definitional section, the policy notes that "The above requirements are typically met by licensed skilled nursing facilities, comprehensive nursing care facilities and intermediate nursing care facilities * * *. Those requirements are generally NOT met by: rest homes, homes for the aged, sheltered living accommodations; residence homes; or similar living arrangements."

We agree with Supreme Court that the plain and obvious meaning of this definition denotes a facility licensed to operate as a nursing home in the State where the policy is issued. In New York, nursing homes are licensed by the State Department of Health under Public Health Law article 28. It is undisputed that Wynwood Commons is not licensed as a nursing home. Rather, it operates an apartment building offering studio, one and two-bedroom apartments with a range of amenities and optional in-home care services to those residents requiring same, at an additional charge. As such, it is licensed as a home care services agency pursuant to Public Health Law article 36.

We have reviewed plaintiff's remaining contentions and find them to be without merit.

Mercure, Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs. [*See,* 178 Misc 2d 895.]