■ Michelle R. Bailey et al., Respondents, v County of Tioga et al., Appellants. [910 NYS2d 230]—

Rose, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered June 25, 2009 in Tioga County, which, among other things, denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff Michelle R. Bailey (hereinafter plaintiff) was traveling northbound on County Route 5 (also known as Crumtown Road) in the Town of Spencer, Tioga County on a clear, sunny day in June when she crested a hill and collided with a vehicle owned and operated by defendant Daniel C. Nickerson. Nickerson had been traveling southbound on Crumtown Road and was attempting to execute a left-hand turn onto Lang Road, which intersects with Crumtown Road just to the north of the crest of the hill on Crumtown Road. Although the speed limit on Crumtown Road is 55 miles per hour, some distance south of the intersection with Lang Road there is a sign advising a speed of 35 miles per hour for northbound drivers and warning of the upcoming intersection, but not that it is hidden by the crest of the hill.

Plaintiff was familiar with the intersection and testified that she slowed down to 40 miles per hour as she approached it. She could not see it, however, until after she crested the hill and, when she did, Nickerson's vehicle was there in her lane and she had no time to do anything to avoid the collision. For his part, Nickerson also was familiar with the intersection. He testified that he slowed down as he approached it to commence his left turn onto Lang Road, he did not see plaintiff's vehicle until it crested the hill from the south, but by then he had already commenced his turn and he also was unable to avoid the collision.

Plaintiffs commenced this action against Nickerson and defendant County of Tioga seeking to recover damages based on Nickerson's alleged negligent operation of his vehicle and the County's alleged negligent design of the intersection and failure to place appropriate signs and traffic control devices. After joinder of issue and discovery, motions for summary judgment were filed by the parties and denied by Supreme Court. Defendants appeal.

The County argues that the alleged inadequate design and lack of appropriate warning signs on the road cannot be

considered proximate causes of the accident because of the parties' admitted familiarity with the intersection. We are not persuaded. "Proximate cause is ordinarily a factual issue for resolution by a jury and therefore it is 'only [when] one conclusion may be drawn from the established facts [that] the question of legal cause . . . [may] be decided as a matter of law' " (*Dupell v Levesque*, 198 AD2d 712, 713 [1993], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Further, "there may be more than one proximate cause of an accident" (*Ayotte v Gervasio*, 186 AD2d 963, 964 [1992], *affd* 81 NY2d 1062 [1993]).

While it is generally true that the failure to provide additional warnings regarding a road condition will not be deemed a proximate cause of an accident where the drivers in question are "well acquainted" with the intersection (*Atkinson v County of Oneida*, 59 NY2d 840, 842 [1983]), familiarity will not preclude liability as a matter of law where there is evidence that additional, binding traffic control devices would be appropriate and would, if followed, prevent the accident (*see Scheemaker v State of New York*, 125 AD2d 964, 965 [1986], *affd* 70 NY2d 985 [1988]). Here, in opposition to the County's motion for summary judgment, plaintiffs came forward with expert proof that the design of the intersection did not allow northbound drivers sufficient time to react to vehicles turning left onto Lang Road and that the 35 miles-per-hour advisory sign in place for northbound traffic, even if followed, was inadequate to prevent the accident because of the limited sight distances and the resulting insufficient time to react. Accordingly, we conclude that the record contains sufficient proof, when viewed in a light most favorable to plaintiffs, to create a question of fact as to whether the alleged negligence of the County was a proximate cause of the accident (*see Scheemaker v State of New York*, 125 AD2d at 965; *see also Alexander v Eldred*, 63 NY2d 460, 469 [1984]; *Miller v Town of Fenton*, 247 AD2d 740, 742 [1998]; *Dupell v Levesque*, 198 AD2d at 713; *Bailey v Honda Motor Co.*, 144 AD2d 119, 121 [1988], *lv denied* 73 NY2d 705 [1989]).

As for Nickerson, he contends that he is entitled to summary judgment because the dangerousness of the intersection and the lack of adequate warning signs caused the accident. Based on his description of his actions prior to the collision, however, a jury could also conclude that he was insufficiently cautious in making the left-hand turn, especially in view of his own familiarity with the intersection. Thus, the existence of unresolved factual issues as to liability support the denial of Nickerson's

motion for summary judgment, as well (*see Secore v Allen*, 27 AD3d 825, 828-829 [2006]; *Premo v Lam*, 222 AD2d 872, 873 [1995]).

Mercure, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, with costs.