█ KENIETRA GRANT, Individually and as Parent and Guardian of JAYLEEN K. MUNOZ, an Infant, Respondent-Appellant, v ESTEVAN W. NEMBHARD, Respondent-Appellant, and LYDIA TYNER, Appellant-Respondent, and SHARNIQUE L. REYNOLDS et al., Respondents. [943 NYS2d 272]—

Lahtinen, J. Cross appeals from an order of the Supreme Court (Zwack, J.), entered September 12, 2011 in Ulster County, which, among other things, granted defendant Sharnique L. Reynolds' motion for summary judgment dismissing the complaint against her.

This case arises from a motor vehicle accident that occurred on May 11, 2008, shortly before 4:00 A.M., on the northbound side of Interstate 87 in the Town of Tuxedo, Orange County. Defendant Sharnique L. Reynolds was traveling north and, shortly after allegedly passing a rest stop, she pulled the vehicle she was driving onto the shoulder and stopped because she had a headache and was drowsy. A vehicle driven by defendant

Estevan W. Nembhard, and co-owned by his mother, defendant Lydia Tyner, struck Reynolds' parked vehicle from behind. Plaintiff's infant daughter was seated in the rear driver's side of Reynolds' vehicle and allegedly sustained catastrophic permanent injuries in the accident.

Plaintiff commenced the instant action on behalf of herself[1] and her child against Nembhard, Tyner and Reynolds. She subsequently amended her complaint to, among other things, add Nembhard's employer, defendant Service Employees International Union (hereinafter SEIU), upon the theory that Nembhard was acting within the scope of his employment when the accident occurred. Following disclosure, numerous motions were filed by the respective parties including, as relevant to this appeal, Reynolds' motion for summary judgment dismissing all claims against her, plaintiff's motion for partial summary judgment on the issue of liability against Nembhard, Tyner and SEIU, Tyner's cross motion for indemnification from Nembhard, and SEIU's cross motion for summary judgment dismissing claims against it. Supreme Court, among other things, granted Reynolds' motion, did not directly address and thus denied sub silento the aspect of plaintiff's motion for partial summary judgment as to Nembhard and Tyner, granted Tyner's cross motion and granted SEIU's cross motion. Plaintiff, Nembhard and Tyner appeal.

We consider first the argument of plaintiff, Nembhard and Tyner that it was error to grant Reynolds' motion for summary judgment dismissing all claims against her. Supreme Court found factual issues as to whether the manner in which Reynolds parked on the shoulder of the highway was negligent, but further determined that her car merely furnished the condition for the occurrence and was not a proximate cause of the accident. We agree with Supreme Court that there was ample evidence, when viewed mostly favorably to the parties opposing summary disposition, to raise a factual issue regarding Reynolds' negligence. We further find, however, that factual issues exist regarding proximate cause. "Proximate cause is ordinarily a factual issue for resolution by a jury and therefore it is 'only [when] one conclusion may be drawn from the established facts [that] the question of legal cause [may] be decided as a matter of law' " (*Dupell v Levesque*, 198 AD2d 712, 713 [1993], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). As discussed at some length by the First Department in an analo-

---

1. Plaintiff's claim for her own personal injuries was dismissed upon the ground that she did not sustain a serious injury as defined by Insurance Law § 5102 (d).

gous case where a driver fell asleep and hit a vehicle allegedly parked in violation of a highway rule, the issue is a close one, but it generally should be resolved by a jury (*see White v Diaz*, 49 AD3d 134, 134-140 [2008]; *but see Iqbal v Thai*, 83 AD3d 897, 898 [2011]). Simply stated, a reasonable jury could find that an accident of this type is a foreseeable consequence of parking on the shoulder just north of a rest area for a non-emergency reason in violation of a traffic regulation (*see* 21 NYCRR 103.8 [b]) without activating the vehicle's hazard lights in the dark early morning hours (*see White v Diaz*, 49 AD3d at 139; *see generally Dowling v Consolidated Carriers Corp.*, 65 NY2d 799 [1985]; *Ferrer v Harris*, 55 NY2d 285, 293-294 [1982]; *O'Connor v Pecoraro*, 141 AD2d 443, 445 [1988]).

Plaintiff contends that she should have been granted partial summary judgment on the issue of liability as against Nembhard and Tyner.[2] We agree. "Where a moving vehicle is involved in a rear-end collision with a stopped vehicle, a prima facie case of negligence arises against the operator of the moving vehicle, requiring that driver to provide an adequate, nonnegligent explanation for the collision" (*Johnson v First Student, Inc.*, 54 AD3d 492, 492-493 [2008] [citations omitted]). An eyewitness who followed Nembhard's vehicle for about 15 miles testified at a deposition that Nembhard was repeatedly swerving, so much so that the witness called 911, and he believed that Nembhard might be intoxicated. Although Nembhard was not intoxicated, he acknowledged extreme drowsiness and reportedly stated at the scene that he had fallen asleep while driving. This evidence established a prima facie case of negligence that was a proximate cause of the accident. Faced with this proof, Nembhard failed to offer a nonnegligent explanation for the accident (*see Rodriguez-Johnson v Hunt*, 279 AD2d 781, 782 [2001]).

Contrary to Tyner's contention, the existence of a factual issue regarding Reynolds' negligence does not preclude a finding that Nembhard was, as a matter of law, negligent and that his negligence was a proximate cause of the accident. " '[T]here may be more than one proximate cause of an accident' " (*Bailey v County of Tioga*, 77 AD3d 1251, 1253 [2010], quoting *Ayotte v Gervasio*, 186 AD2d 963, 964 [1992], *affd* 81 NY2d 1062 [1993]). If a jury ultimately finds that Reynolds was also negligent and

---

2. Tyner's assertion that this issue is not properly before us is without merit. Supreme Court had before it seven motions from the parties asserting a plethora of issues. It mentioned but did not directly discuss this issue. However, the issue was specifically and clearly raised by plaintiff in her motion papers and Supreme Court did not grant the relief sought. The issue is thus properly before us.

that her negligence was a substantial factor in causing the accident, then it will determine a percentage of fault for her and Nembhard (*see* NY PJI 2:36). However, if either issue is answered in the negative regarding Reynolds, no such percentage determination will be necessary. It is clear that Reynolds could not be found 100% responsible and it is undisputed that the seriously injured infant has no culpable conduct as a matter of law.

Questions of fact exist in this record as to whether Nembhard was acting within the scope of his employment with SEIU when the accident occurred. "Although an employee is not ordinarily acting within the 'scope of employment' when traveling to and from work, exceptions to this rule [include where] . . . the vehicle is being utilized in furtherance of the employer's enterprise" (*McBride v County of Schenectady*, 110 AD2d 1000, 1001 [1985] [citations omitted]; *see Lundberg v State of New York*, 25 NY2d 467, 471 [1969]; *Davis v Larhette*, 39 AD3d 693, 694 [2007]; *Makoske v Lombardy*, 47 AD2d 284, 288 [1975], *affd* 39 NY2d 773 [1976]). While significant conflicting proof was presented, there was evidence that Nembhard did not work regular hours at his job as a union organizer and that he was essentially on-call at all times. He traveled using his own vehicle, for which he was reimbursed mileage to and from his residence, and he often would meet with prospective union members at whatever hours or places were convenient to their schedules. Prior to the accident, he had left his hotel in Milford, Connecticut at about midnight and traveled to Bridgeport, Connecticut, where prospective union members who were employees of a nursing home were having a barbeque. He reportedly talked to attendees about the benefits of union membership and solicited names of other employees at the nursing home who might be interested in unionizing. From there, he headed toward where he claimed he resided with his grandparents in Grahamsville, Sullivan County, and the unfortunate accident occurred during this trip. The proof was sufficient to avoid summary dismissal of SEIU from the action (*see McBride v County of Schenectady*, 110 AD2d at 1001).

Finally, Nembhard's argument that the policy underlying Vehicle and Traffic Law § 388 is derogated by permitting Tyner indemnification from him or that Supreme Court otherwise erred in granting such relief is unpersuasive (*see generally Morris v Snappy Car Rental*, 84 NY2d 21, 28-29 [1994]).

Mercure, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted defendant Sharnique L.

Reynolds' motion for summary judgment dismissing the complaint against her, (2) granted the cross motion of defendant Service Employees International Union for summary judgment dismissing the complaint against it, and (3) denied plaintiff's motion for partial summary judgment on the issue of the liability of defendant Estevan W. Nembhard and Lydia Tyner; said motion and cross motion of Reynolds and Service Employees International Union denied, and said motion of plaintiff granted to that extent; and, as so modified, affirmed.