O'Keefe v Wohl (2020 NY Slip Op 03579)





O'Keefe v Wohl


2020 NY Slip Op 03579


Decided on June 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 25, 2020

529154

[*1]Daniel J. O'Keefe et al., Appellants,
v
Wesley M. Wohl, Defendant, and Town of Northumberland, Respondent.

Calendar Date: May 22, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Martin, Harding & Mazzotti, LLP, Albany (Cassandra A. Kazukenus of counsel), for appellants.
Kelly & Leonard LLP, Ballston Spa (Christine Gasser of Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, of counsel), for respondent.



Garry, P.J.
Appeal from an order of the Supreme Court (Nolan Jr., J.), entered April 16, 2019 in Saratoga County, which granted a motion by defendant Town of Northumberland for summary judgment dismissing the complaint and cross claims against it.
In August 2015, plaintiff Daniel J. O'Keefe was seriously injured while operating his motorcycle on Colebrook Road in the Town of Northumberland, Saratoga County. The accident took place at a three-way, skewed Y-shaped intersection where Taylor Road meets Colebrook Road. O'Keefe approached a yield sign as he prepared to turn right from Colebrook Road onto Taylor Road. As he began to make the turn, his motorcycle collided with defendant Wesley M. Wohl's sedan as Wohl turned left from Taylor Road onto Colebrook Road. There was a "T-intersection" sign on Taylor Road approaching Colebrook Road. Thereafter, O'Keefe and his wife, derivatively, commenced this action against Wohl, alleging that he caused the accident by negligently operating his vehicle, and against defendant Town of Northumberland, alleging that its negligent construction and maintenance of the roadway was a contributing cause of the collision. In his answer, Wohl asserted cross claims against the Town alleging that plaintiffs' damages were caused by the Town's negligence. The Town moved for summary judgment dismissing the complaint and cross claims against it. Supreme Court granted the motion, dismissing the complaint and cross claims. Plaintiffs appeal.
"While it is generally true that the failure to provide additional warnings regarding a road condition will not be deemed a proximate cause of an accident where the drivers in question are well acquainted with the intersection, familiarity will not preclude liability as a matter of law where there is evidence that additional, binding traffic control devices would be appropriate and would, if followed, prevent the accident" (Bailey v County of Tioga, 77 AD3d 1251, 1253 [2010] [internal quotation marks and citations omitted]). Here, both drivers testified that they had some familiarity with the intersection. Assuming, without deciding, that the Town thus established a level of familiarity sufficient to overcome the alleged deficiencies in the design or maintenance of the intersection (compare Atkinson v County of Oneida, 59 NY2d 840, 842 [1983] and Abair v Town of N. Elba, 35 AD3d 935, 936-937 [2006], with Barton v Town of Malone, 207 AD2d 602, 602 [1994]), we nonetheless find that the conflicting expert evidence regarding appropriate traffic control devices presented a factual issue as to whether the Town's alleged negligence may be considered a proximate cause of the accident.
"As a general rule, the question of proximate cause is to be decided by the finder of fact," but it may be decided as a matter of law "where only one conclusion may be drawn from the established facts" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 312, 315 [1980]; accord Dupell v Levesque, 198 AD2d 712, 713 [1993]). Here, in support of its motion for summary judgment, the Town submitted evidence revealing that the drivers had some familiarity with the intersection, together with expert proof that the existing markings and traffic control devices were appropriate and consistent with applicable design standards. However, plaintiffs countered the Town's showing with evidence that additional devices, such as a stop sign and painted stop bar, as well as pavement markings indicating the proper turning radius, were required for the subject intersection by applicable design standards; plaintiffs' expert opined that the absence of such markings and devices was a substantial contributing factor to this collision. Notably, "a disagreement . . . between experts merely creates a question of credibility to be resolved by the finder of fact" (O'Brien v Couch, 124 AD3d 975, 977 [2015] [internal quotation marks and citations omitted]). Upon review, we do not find the opinions expressed by plaintiffs' expert in this matter to be lacking in either substance or foundation (compare Bowman v Kennedy, 126 AD3d 1203, 1206 [2015]; Gray v South Colonie Central School District, 64 AD3d 1125, 1127-1128 [2009]).
In its decision, Supreme Court acknowledged the "conflicting evidence whether the signage at the intersection
. . . [was] appropriate and whether the existing sign and markings conformed to the minimum requirements of standard highway design and signage codes," but ultimately determined that the drivers' familiarity with the intersection precluded a finding that the Town's alleged negligence could be deemed a proximate cause of the accident. In our view, this conclusion overlooks the question whether additional traffic control devices were necessary and would have prevented this collision. Accordingly, viewing the evidence in a light most favorable to plaintiffs, we find that a question of fact exists as to whether the Town's alleged negligence was a proximate cause of the accident (see Bailey v County of Tioga, 77 AD3d at 1253; compare Scheemaker v State of New York, 125 AD2d 964, 964-965 [1986], affd 70 NY2d 985 [1988]).
Lynch, Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.