Fred J. Munder, J.
The third-party defendant, hereinafter called Mishkin, moves to vacate a judgment rendered after trial in favor of the plaintiff, Greene, against the defendant and third-party plaintiff, Mindon, which, because of Mishkin’s default on the trial was rendered over in favor of Mindon against Mishkin.
The action had been at issue several years. In February it was on the Beady Calendar and on Mishkin’s behalf it was adjourned. This occurred monthly thereafter until June 1, 1959 when it was set down peremptorily for trial on June 15.
Mishkin’s former attorney, because of a public position he assumed long after he was engaged in this case, could not try the case. This fact he disclosed to Mishkin and advised him to hire another attorney. On June 15, the former attorney appeared in court to file substitution papers for Mishkin’s present attorney who was engaged on June 12.
*229 Mishkin seeks to excuse his default by the fact that because of business and illness he was in Florida from April 30, 1959 until July 29, 1959. In an effort to contradict the affidavit of his former attorney as to the necessity to hire another attorney he says the former attorney told him that “he would later advise me just before the time for trial on whether or not to substitute attorneys ”. He further states that he “ did not hear that the case was on trial until May 15, 1959 during which time he was in Florida suffering from serious illness “ and remained there until July 29, 1959 ”.
There is absolutely no factual statement as to illness, its nature or duration. There is no doctor’s affidavit. On the contrary there are two very revealing letters attached to the moving papers, both addressed to the former attorney, one by Mishkin’s secretary dated June 9, belatedly replying to the attorney’s letter of June 1 because she had been on vacation, in which she states: “Mr. Mishkin is still out-of-town and"I called him at the Angebilt Hotel in Orlando, Florida and they advised me that he had left for Tampa and Miami but that he left no address. I will make further attempts to reach him, however I feel it will be impossible for me to communicate with Mr. Mishkin within the next five days as I most likely will have to wait for him to communicate with me.” The second letter is from the present attorney and dated June 12, 1959 and it says: 4 4 Pursuant to certain information conveyed to me by Mrs. Mildred Etzel, secretary to Mr. Abraham Mishkin, Mr. Mishkin is in Orlando, Florida in connection with a large land transaction and because of this transaction he is unable to leave and is not expected back in New York for about another three weeks.”
Moreover there are insufficient facts set forth in Mishkin’s affidavit to warrant the conclusion that he has a meritorious defense.
I conclude then that Mishkin’s default was deliberate, that his late engagement of a new attorney was calculated to delay the trial of this action or was the result of deliberate procrastination or willful disregard and that there is no meritorious defense to the third-party complaint.
The motion is denied in all respects, with $10 costs to each respondent.