Charles B. Brasser, J.
Plaintiff purchased premises at 333 Meigs Street, where they reside, on January 15, 1959. The area is zoned as “ commercial.” The lot owned by the plaintiffs is situate on the west side of Meigs Street. Adjoining the lot and southerly thereof at the time plaintiffs so purchased their premises, there was an unimproved parcel of land. Thereafter, defendant erected a modern one-story laundry and dry-cleaning establishment, the northerly wall of which was erected along the southerly line of plaintiffs’ premises.
Plaintiffs have brought action against the defendant, and claim that they have sustained substantial damages by reason of the erection of the building aforesaid, and the operation of the laundry and dry-cleaning establishment thereafter by the defendant. They set forth four causes of action in their complaint.
In the first cause of action they allege that the footings along said north wall project and encroach upon their premises, varying from .10 feet to .38 feet; that the window ledges or sills on the windows facing plaintiffs’ premises project over and encroach upon plaintiffs’ premises, and that when the windows are open there is an encroachment of about two feet.
In the second cause of action, plaintiffs allege that the defendant entered upon their property and cut down and damaged certain trees, plants and shrubs along the common line, and for these acts plaintiffs seek treble damages.
In the third cause of action plaintiffs allege that the encroachments are continuous, although plaintiffs have demanded that defendant remove the same and pay for the damages allegedly sustained.
In the fourth cause of action, plaintiffs allege that by reason of the operation of the dry-cleaning plant and laundry, certain gases, fumes and odors created thereby emanate from defendant’s building and corrupt and pollute the air in and about plaintiffs’ premises, reducing the value and enjoyment thereof.
Plaintiffs pray for money damages and for injunctive relief enjoining and restraining the defendant permanently from maintaining said encroachments.
*273 The defendant has interposed a general denial.
By the bill of particulars, detailing the alleged encroachments, plaintiffs allege that in addition to the encroachments hereinbefore referred to, the copings also encroach over plaintiffs’ premises.
Upon the trial of the action it was conceded that the north, wall of the dry-cleaning plant is erected exactly upon the common line. It was further conceded by the defendant that the defendant’s building encroaches upon the plaintiffs’ land as follows: the window sills encroach approximately one-half inch; the coping encroaches approximately one inch; the footings along the south line of the premises owned by plaintiffs, starting at a point 31.19 feet northwest of the northwesterly street line of Meigs Street and extending northwesterly along the south line of plaintiffs’ premises a distance of 94.80 feet, encroach varying measurements from .10 feet on the west end to .38 feet at the east end of said encroachment; the windows in the north wall of defendant’s building encroach from one and one-half feet to two feet over plaintiffs’ premises when open.
I find that the plaintiffs have established the second cause of action in which they contend that the defendant cut down, carried off, damaged and destroyed trees, shrubbery and flowers of the value of $497.75. It does not appear that the removal of these shrubs and trees was specifically a part of the contract for the construction of defendant’s building. Nevertheless, the defendant surveyed his property, staked out his building and inspected the premises nearly every day. It should have been apparent to him that the contractor could not perform his work without trespassing upon plaintiffs ’ premises, and very probably without damaging the trees and shrubs. The defendant cannot claim immunity from the damage inflicted by showing that the work was, in fact, done by the contractor. The rights of abutting property owners cannot be thus jeopardized by a defense so spurious. The plaintiffs cannot recover treble damages because the work done in removing the trees and shrubs insofar as the defendant was involved, was involuntary and without malice. (Greene v. Mindon Constr. Corp., 19 Misc 2d 228 ; Polychrome Corp. v. Lithotech Corp., 4 A D 2d 968 ; Marconi Realty Corp. v. Goldstein, 13 N. Y. S. 2d 547 ; Frischman v. Metropolitan Tobacco Co., 199 Misc. 844.)
The plaintiffs are charged with knowledge that at the time they purchased their premises the same was located in an area zoned as commercial. The erection of a laundry and cleaning plant in the area is authorized by virtue of the Zoning Law of the City of Bochester. In addition to defendant’s dry-cleaning *274 plant, there is also in the immediate area a gas station and an automobile repair shop.
Conflicting testimony was presented upon the issue of the emanation of offensive gases, fumes and odors from defendant’s plant to plaintiffs’ property, and into the residence thereon. ‘1 The general rule is that mere discomfort to persons living in adjacent property does not furnish a reason for forbidding the necessary use of one’s property conducted without negligence and with proper appliances, particularly when the property is located in the business and industrial section of a city.” (Haber v. Paramount Ice Corp., 239 App. Div. 324, 327.)
Since the plaintiffs are chargeable with knowledge that the area was zoned commercial, and that enterprises such as that maintained by the defendant ■were authorized, and since it does not appear that gases and odors emanating from defendant’s building were unduly obnoxious or more obnoxious than should be anticipated in the operation of a business of this type, I find that plaintiffs’ cause of action for damages allegedly resulting therefrom is not established.
Plaintiffs are entitled to the full, exclusive and uninterrupted use of their premises. The defendant therefore is required to remove encroachments thereon, on or before May 1, 1961, excepting the encroachment of the footings. In this respect defendant is required to lower the encroachment one foot below grade throughout its entire length. Further removal of this encroachment to the floor of the footings under the circumstances prevailing would be unreasonable and inequitable.
The judgment shall include therein damages for the destruction of trees and shrubs in the amount of $497.75.
I conclude that the value of the use and occupancy of the plaintiffs’ land by reason of the encroachment thereon from April 11, 1959, to November 28, 1960, a period of one year, seven and one-half months, is the sum of $15 per month or a total of $292.50.
The court approves proposed findings of fact submitted by plaintiffs, excepting findings Nos. 9, 11, 17, 18, 19, 20, 21, 22 and 23.
The court approves the proposed conclusions of law excepting Nos. 1, 2, 4, 6, 7 and 8.
Submit findings of fact and conclusions of law prepared in conformity with this decision.