HARLAN J. BRAMAN, Respondent, v ROCHESTER GAS & ELECTRIC CORPORATION et al., Appellants.

Fourth Department, November 5, 1976

*Nixon, Hargrave, Devans & Doyle (John Hood* and *George R. Middleton, Jr.,* of counsel), for appellants.

*Forsyth, Howe, O'Dwyer & Kenyon, P.C. (C. Benn Forsyth* of counsel), for respondent.

GOLDMAN, J. Plaintiff-respondent Harlan J. Braman in November, 1972 commenced this action for triple damages for alleged trespass and commission of waste on his land which he

claims was committed by defendant-appellant Rochester Gas & Electric Corporation (R G & E) and its agent, defendant-appellant Monroe Tree Surgeons, Inc. The alleged trespass and waste occurred when appellant R G & E caused trees and brush on respondent's property to be cut in order to maintain its transmission line which is located on property contiguous to the south line of respondent's property.

In their second amended answer, dated June 30, 1975, appellants deny the trespass and allege as an affirmative defense that from time to time since the installation of the transmission line in 1921 they and their predecessors have entered upon plaintiff's real property for the maintenance and repair of the line. In support of their affirmative defense appellants allege that respondent and his predecessors had actual or constructive notice of the existence of the transmission line and that since respondent acquired ownership of his property defendants have entered upon it for maintenance and repair of the line. Appellants assert that during all this time the respondent never objected to defendants' presence on the property and by reason of this appellants' entry on respondent's property was in good faith and with probable cause to believe that they were entitled to do so.

In response to appellants' averments respondent emphasizes that R G & E had never "continuously occupied" respondent's land; that on one occasion some 12 or 14 years earlier appellants asked permission to trim some of respondent's trees, which respondent granted them for a consideration; that so far as respondent knew, appellants did not again enter upon his lands until 1972; that appellants had never claimed any right to enter upon his property and had always been able to maintain their transmission line without doing so.

Appellants contend that the first affirmative defense should not have been dismissed. It seems doubtful that the allegations therein, even if proved, would support the conclusion that R G & E had acquired an easement by prescription, especially because R G & E's use of the land was sporadic and occasional rather than continuous (see 2 NY Jur, Adverse Possession, §§ 55, 117). It is also questionable whether the allegation that appellants had "probable cause to believe" that they had a right to enter respondent's lands would, if proved, satisfy the statutory element of "probable cause to believe that the land was [their] own" (Real Property Actions and Proceedings Law, § 861, subd 2, par a). Nevertheless, we

agree with appellants that the affirmative defense should have been allowed to stand. Insofar as proof of its allegations might establish that appellants acted upon a good-faith and reasonable mistake as to their right to cut plaintiff's trees, it could be held that the cutting was "involuntary" within the meaning of paragraph a of subdivision 2 of section 861 of the Real Property Actions and Proceedings Law (cf. *Green v Mindon Constr. Corp.*, 188 NYS2d 633, mot to vacate den 19 Misc 2d 228 [in action under former sections 533 and 534 of the Real Property Law plaintiff was not entitled to treble damages because cutting of trees was "involuntary" where it appeared that defendant had been hired to clear land adjacent to plaintiff's, that under his employer's instructions he tape-measured the area to be cleared, and that he believed that plaintiff's trees were within the work area]; *Buholtz v Rochester Tel. Corp.*, 40 AD2d 283, 288 [where defendant buried telephone cable under plaintiff's land in mistaken belief that land belonged to village, from which defendant had obtained easement, there was question of fact as to whether defendant had probable cause to believe its use of the land was lawful so as to preclude section 861 of the Real Property Actions and Proceedings Law treble damages]).

It is significant that the dismissal of the first affirmative defense was not sought by respondent in his notice of motion. Even if respondent's dismissal motion be treated as one for summary judgment (as it apparently was, at least on reargument), we would conclude that the allegations in the affirmative defense, together with the supporting affidavits, raise triable issues of fact regarding appellants' good faith and reasonableness in believing they had a right to cut the trees. The first affirmative defense should not have been dismissed.

The second amended answer also contained a counterclaim requesting that R G & E be granted a decree of inverse condemnation. In granting respondent's motion to dismiss the counterclaim Special Term placed emphasis on the fact that there was no "continuing presence" on respondent's southerly boundary, such as occurred in *Heyert v Orange & Rockland Utilities* (17 NY2d 352) and in *Buholtz v Rochester Tel. Corp.* (40 AD2d 283, *supra*) and also in *Ferguson v Village of Hamburg* (272 NY 234), cited by appellants. None of these cases states that there must be a showing of "continuing presence" as a prerequisite for an inverse condemnation proceeding. There would seem to be no compelling reason of logic

or policy that would bar a counterclaim for inverse condemnation simply because the condemnor had not been continuously on the subject land. The question should instead be whether in any particular case economies of time and expense can be achieved by allowing the counterclaim to be tried together with the main action.

Of the foregoing cases *Buholtz (supra)* is the one closest in point to the present case. There the defendant, Rochester Telephone Co., buried phone cables under land belonging to plaintiff in the mistaken belief that the land belonged to the Village of Naples, from which defendant had obtained an easement. Plaintiff, there as here, brought an action for trespass and sought treble damages pursuant to section 861 of the Real Property Actions and Proceedings Law. Defendant counterclaimed for a decree of inverse condemnation. Upon plaintiff's motion for severance or dismissal of the counterclaim, Special Term ordered its dismissal. This court modified that order by reinstating the counterclaim, granting summary judgment for inverse condemnation, and remitting the matter for determination of damages due to the alleged trespass and order of inverse condemnation. In so doing we held that the fact that the occupation by the condemning authority may have been a willful and unlawful trespass was no ground for denying inverse condemnation (40 AD2d, at p 287). We declined to recognize a requirement that defendant's entry upon the land be "under color of right", noting that such a requirement would not advance the purpose of the doctrine of inverse condemnation, which was to promote economy and efficiency by having all issues tried in one action *(id.,* p 288). Thus, in *Buholtz* we held that where the facts presented no prejudice to either party, the cause of action for trespass damages and the cause of action for inverse condemnation may properly be joined.

Special Term, as a matter of discretion, determined that from the facts before it, and particularly the lapse of four years since the commencement of the action, appellants' counterclaim for inverse condemnation should not "prevent a prompt disposition of Braman's claim for damages". The court properly considered the additional delay which will be occasioned by the need for appraisal reports by the parties in the condemnation proceedings. The required proof in the trespass action should not be complicated or unduly extensive and the damage claim should be quickly resolved. Recognizing R G &

E's right to bring a condemnation proceeding, regardless of the outcome, Special Term dismissed the counterclaim without prejudice to R G & E's right to bring a separate condemnation proceeding. Under all the circumstances, and in the particular fact situation in this record, we do not find that Special Term abused its discretion. The dismissal of the counterclaim should be affirmed.

CARDAMONE, J. P., SIMONS, MAHONEY and DILLON, JJ., concur.

Order, dated October 14, 1975, unanimously modified in accordance with opinion by GOLDMAN, J, and, as modified, affirmed, without costs.

Appeal from an order, dated July 11, 1975, unanimously dismissed as moot.