■ JEFFREY RIFENBURY, Plaintiff, v JAMES F. GERRITY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. WILLIAM J. RIFENBURY et al., Third-Party Defendants-Appellants. — Appeal from an order of the Supreme Court at Special Term (Ellison, J.), entered January 28, 1983 in Broome County, which denied the third-party defendants' motion for summary judgment dismissing the third-party complaint. The instant action arises out of a motor vehicle accident on April 14, 1980, in which defendant James F. Gerrity's vehicle struck the vehicle operated by third-party defendant William J. Rifenbury. Plaintiff, a passenger in the rear of the Rifenbury vehicle, was injured. After suit was commenced, defendant Gerrity initiated a third-party action against Rifenbury and his wife in a complaint alleging only that the "accident was caused by the negligence of the third-party defendants". In defendant Gerrity's third-party bill of particulars, he further alleged that third-party defendant Rifenbury's negligence consisted of failing to keep a proper lookout, failing to keep his vehicle under control, not proceeding with caution, and failing to give warning of his approach to the intersection where the collision occurred. He cited subdivision (a) of section 1140 and subdivision (a) of section 1180 of the Vehicle and Traffic Law as the only violations of statute by Rifenbury in connection with the accident. The Rifenburys then moved for summary judgment dismissing the third-party complaint, based upon the affidavit of William J. Rifenbury and an attached police accident report, both of which established that Rifenbury was lawfully stopped in his own lane of traffic at a traffic light on Watson Boulevard in the Town of Union when Gerrity attempted to make a left-hand turn from Hooper Road onto Watson Boulevard and struck Rifenbury's stopped vehicle. The third-party plaintiff's opposing papers consisted only of an attorney's affirmation which did not dispute Rifenbury's description of how the accident occurred. It merely averred that at an examination before trial of plaintiff, he stated that he was employed by William J. Rifenbury and was riding in the bed area of Rifenbury's pickup truck at the time of the accident and suffered injuries when his body struck various parts of the truck as a result of the impact. Special Term denied the motion, reasoning that if the facts alleged in the opposing attorney's affirmation were thus established, Rifenbury might be responsible for some portion of plaintiff's injuries under section 1222 of the Vehicle and Traffic Law. In our view, the third-party plaintiff's opposing papers were patently insufficient to withstand the motion for summary judgment. The Rifenbury affidavit and attached police report constituted proof, in evidentiary form, negating the existence of any negligence on his part and establishing that the

accident was caused solely by the operation of the Gerrity vehicle. Gerrity's attorney admittedly had no personal knowledge of how the accident happened. His conclusory averments of what was stated by plaintiff at an examination before trial, the transcript of which was not submitted on the motion, plus references in his affirmation to numerous unnamed issues of fact to be determined through the production of proper witnesses upon trial, are all totally without evidentiary value to create a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 562-563 [text and n 3]). This was particularly so here, where the only possible issue Special Term was able to identify pertained to a theory of negligence not set forth in the third-party complaint or bill of particulars. Accordingly, the motion for summary judgment should have been granted. Order reversed, on the law, with costs; motion for summary judgment granted and third-party complaint dismissed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.