■ AMY PRICE, an Infant, by JUDY B. PRICE, Her Mother and Natural Guardian, et al., Plaintiffs, v RICHARD T. HAMPSON et al, Defendants. (Action No. 1.) AMY PRICE, an Infant, by JUDY B. PRICE, Her Mother and Natural Guardian et al., Respondents v TOWN OF CANANDAIGUA, Appellant, et al., Defendant. (Action No. 2.) RICHARD T. HAMPSON et al., Plaintiffs, v HAROLD S. LAZIER, Defendant. (Action No. 3.) RICHARD T. HAMPSON et al., Respondents, v TOWN OF CANANDAIGUA, Appellant, et al., Defendant. (Action No. 4.) NICOLE HAMPSON, an Infant, by her Guardian ad Litem, RAYMOND HAMPSON, Plaintiff, v HAROLD S. LAZIER et al., Defendants. (Action No. 5.) NICOLE HAMPSON, an Infant, by her Guardian ad Litem, RAYMOND HAMPSON, Respondent, v TOWN OF CANANDAIGUA, Appellant, et al., Defendant. (Action No. 6.) (And Three Other Actions.)—Order unanimously reversed on the law without costs, and motion granted, in accordance with the following memorandum: In this personal injury action, defendant Town of Canandaigua contends that it is entitled to summary judgment dismissing plaintiffs' complaint. Plaintiffs argue that questions of fact exist concerning both the issue of the town's liability and proximate cause. We find the town is entitled to a dismissal of the plaintiffs' complaint and of all cross claims against it.

The accident occurred at the intersection of County Road 28 and Emerson Road, a town highway in the County of Ontario, when defendant's vehicle, traveling east on Emerson Road, struck plaintiffs' vehicle, which was traveling south on County

Road 28. At the intersection, traffic on Emerson Road is controlled by a stop sign. Preceding the stop sign for traffic traveling easterly on Emerson Road are a "Stop Sign Ahead" sign and an intersection sign. Plaintiffs argue that the placement of the intersection symbol sign establishes the town's liability. In support of this contention, plaintiffs rely upon a report of their expert, Donald J. Belcher, which states that the placement of the intersection sign before the stop sign violates New York State Manual of Uniform Traffic Control Devices, and that its placement resulted in a "confusion of signs." No similar claim is made with respect to the "Stop Sign Ahead" sign. We hold that such proof is insufficient to support a finding of negligence on the part of the Town of Canandaigua.

Plaintiffs' expert's unsworn letter fails to state how the presence of the intersection sign would cause confusion or what effect the presence of this sign would have on a driver approaching the intersection. The plaintiffs offered no proof that the presence of the intersection sign would negate the legal effect of the stop sign, which was properly placed.

Assuming, arguendo, that the presence of the intersection sign, in violation of the uniform manual, was some evidence of negligence, there is no evidence to support plaintiffs' contention that such negligence was a proximate cause of the accident. While the issue of proximate cause generally presents a question of fact, it may at times be a question of law *(see, e.g., Atkinson v County of Oneida,* 59 NY2d 840, *rearg denied* 60 NY2d 587; *Tomassi v Town of Union,* 46 NY2d 91; *Cimino v City of New York,* 54 AD2d 843, *affd on mem below* 43 NY2d 966). This is one such occasion. Defendant Lazier testified that he did not see the intersection sign, thrreeby negating any causal relationship that the presence of this sign might have had to the happening of the accident. Further, Lazier testified that he both observed and stopped at the stop sign.

Whether a jury could find that defendant Lazier did not stop for the stop sign is not determinative. The town cannot be held liable for defendant's failure to stop at a stop sign that is properly placed. The only possible way the town could be found liable is if the jury were to disbelieve defendant Lazier's testimony and conclude that he saw the intersection sign, and having seen it, became confused, causing him to either not see the stop sign, or having seen it, to erroneously conclude that he did not have to stop. No jury would be permitted to undertake such wild speculation. This goes far beyond drawing a permissible inference from evidentiary facts. Specula-

tion, guess and surmise may not be substituted for competent evidence *(Agius v State of New York,* 50 AD2d 1049, 1050). To conclude that the town was negligent and that this negligence caused or contributed to the happening of this accident would require the jury to improperly pile inference upon inference upon conjecture *(David v Granger,* 35 AD2d 636, 637). (Appeal from order of Supreme Court, Ontario County, Reed, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.