■ JEFFREY G. BAILEY et al., Respondents, v HONDA MOTOR COMPANY, LTD., et al., Defendants; CITY OF SCHENECTADY, Appellant, and RAYMOND J. ALBERTINI et al., Respondents.— Mercure, J. Appeal (1) from an amended judgment of the Supreme Court (Graves, J.), entered January 6, 1987 in Schenectady County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered January 7, 1987 in Schenectady County, which denied defendant City of Schenectady's motion to renew its prior motion to dismiss plaintiffs' complaint against it following trial.

In the early morning hours of October 13, 1979, plaintiff Jeffrey G. Bailey (hereinafter plaintiff) was riding as a passenger on a motorcycle operated by defendant Raymond J. Albertini. As Albertini was negotiating a curve on Broadway in defendant City of Schenectady (hereinafter the City), Schenectady County, the motorcycle collided with an automobile driven in the opposite direction by defendant Joyce M. Smeaton. As a result of the accident, plaintiff's left leg had to be amputated above the knee. Approximately five weeks prior to the accident, Broadway was repaved pursuant to a contract between the City and defendant Paving Contractors, Inc. (hereinafter Paving Contractors), causing the center line which separates oncoming traffic to be covered. On the date of the accident, the center line had not yet been repainted. The contract between Paving Contractors and the City included repair and repavement of 13 other City streets, and it was City policy not to repaint the center lines on any road until the entire contract was accepted.

Plaintiff and his wife instituted this action against Honda Motor Company, Ltd., manufacturer of the motorcycle, American Honda Motor Company, Inc., distributor of the motorcycle, Smeaton, Albertini, Paving Contractors and the City, alleging that the negligence of each defendant caused plaintiff's injuries. After plaintiff's case was presented to the jury, Supreme Court dismissed the action against Honda Motor Company, Ltd. and American Honda Motor Company, Inc. At the close of all the evidence, the jury found that Smeaton and Paving Contractors were not negligent; that plaintiff was damaged in the amount of $811,000; that these damages were caused by the negligence of Albertini, whose liability was apportioned at 85%, plaintiff himself, whose liability was established at 10%, and the City, whose liability was determined to be 5%. The City's motions to dismiss after plaintiff's case was presented and at the close of all the evidence were both denied. The City appeals.

With respect to the contention that the City is immune from plaintiff's suit because its decision not to repaint the center line of Broadway constituted governmental planning, we observe that the City did not claim that legitimate funding constraints prevented it from placing temporary or permanent markings (see, Friedman v State of New York, 67 NY2d 271, 287) and submitted no evidence to establish that the decision involved the expertise of qualified employees (see, supra, at 285). Under the qualified immunity doctrine enunciated in Weiss v Fote (7 NY2d 579), the liability of a municipality is strongly limited in actions alleging that the municipality was negligent in designing and planning its facilities, such as traffic control and warning devices (see, Friedman v State of New York, supra). Although a jury may decide whether a municipality is negligent in the maintenance of its roads and traffic control devices (see, Murphy v De Revere, 304 NY 922), a jury may not substitute its judgment for that of a municipality regarding the design or planning of its highways and traffic control devices (see, Weiss v Fote, supra, at 585-586). The City argues that its decision to delay repainting the center line of Broadway is part of a lawfully authorized deliberation within the holding of Weiss. For several reasons, this argument is unavailing.

Initially, the facts of the instant case are distinguishable from Weiss because here there was no indication that any planning body had tested the "plan" to refrain from repainting the line until the contract between the City and Paving Contractors had been fully accepted. The City incorrectly

characterizes its unwritten policy as the product of "lawfully authorized deliberations" in the absence of evidence of deliberations which resulted in such a policy. In *Weiss,* the plaintiff sued the municipality on the basis that the traffic signal of an intersection did not allow sufficient time for east-west traffic to pass through the intersection before signalling the north-south traffic to proceed through the intersection. The Court of Appeals detailed the studies and tests done by the Board of Safety in reaching its determination of the proper clearance time needed at the intersection in question *(supra,* at 586), suggesting that such tests and studies are necessary in order to cloak the municipality in qualified immunity. Because such studies and deliberations are not present in the instant case, *Weiss* is inapposite.

In any event, if the decision not to repaint the center line was either arbitrary or unreasonable, the City may be liable for negligence *(see, supra; see also, Friedman v State of New York,* 67 NY2d 271, 284, *supra; Alexander v Eldred,* 63 NY2d 460, 466-467) and testimony that no "curing" period was necessary prior to repainting the center line, that Paving Contractors had completed its work on Broadway on September 5, 1979, five weeks prior to the accident, and that the City did not apply temporary markings or paint to indicate where the center line of the road is situated created questions of fact for the jury in regard to the City's liability.

Nor do we find persuasive the City's contention that the negligence of Albertini was the sole proximate cause of the accident. Unless the jury's determination that the City's negligence was a proximate cause of plaintiff's injuries is totally unsupported by credible evidence, its verdict against the City must not be disturbed *(see, Nicastro v Park,* 113 AD2d 129; *Tripoli v Tripoli,* 83 AD2d 764, *affd* 56 NY2d 684). The jury was entitled to determine that the City's failure to mark the roadway in a timely fashion proximately contributed to the difficulty of Albertini identifying the appropriate lane of travel and the occurrence of the accident *(see, Scheemaker v State of New York,* 70 NY2d 985; *Alexander v Eldred,* 63 NY2d 460, *supra).* Indeed, it may be assumed that if appropriate traffic control devices had been in place, they would have been obeyed *(see, e.g., Van Tuyl v State of New York,* 6 AD2d 209, 213, *affd* 6 NY2d 912; *Gurevitch v State of New York,* 284 App Div 717, *affd* 309 NY 711).

Judgment and order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Mercure, JJ., concur.