JOSEPHINE BERSANI, as Executrix of FRANK ALLIO, Deceased, Appellant, v GOODYEAR TIRE & RUBBER COMPANY et al., Respondents.—Crew III, J. Appeal from an amended order of the Supreme Court (Rose, J.), entered September 30, 1991 in Broome County, which, *inter alia,* granted defendant Goodyear Tire & Rubber Company's motion for summary judgment dismissing the complaint against it and granted defendant Debrah A. Florance's motion for partial summary judgment dismissing a portion of the complaint against her.

On August 24, 1989 at about 2:00 P.M., plaintiff's decedent walked directly into the front driver's side of defendant Debrah A. Florance's vehicle while she was driving along East Main Street in the Village of Endicott, Broome County. On September 2, 1989 decedent died as a result of injuries sustained from the automobile accident. In August 1990, plaintiff as executrix for decedent's estate, commenced this negligence and wrongful death action against Florance and defendant Goodyear Tire & Rubber Company, the operator of an auto service center which had performed brake repairs to Florance's vehicle. After issue was joined and depositions were taken, Goodyear moved for summary judgment dismissing plaintiff's complaint against it on the ground that its alleged negligence was not the proximate cause of decedent's injuries. Florance also sought partial summary judgment dismissing those portions of the complaint based on allegedly defective brakes. Supreme Court dismissed plaintiff's complaint against Goodyear and partially dismissed plaintiff's complaint against Florance. This appeal by plaintiff ensued.

Affording plaintiff the benefit of every favorable inference, plaintiff failed to tender evidentiary proof sufficient to create a factual issue as to whether Goodyear's alleged negligence in

failing to properly repair the brakes on Florance's vehicle or failing to warn her that the vehicle's brakes were defective was the proximate cause of decedent's injuries *(see, Agius v State of New York,* 50 AD2d 1049, 1050). The alleged inadequacy of the brakes on Florance's vehicle was not the cause of the collision between decedent and the vehicle. Rather, the record clearly demonstrates that decedent walked directly into Florance's vehicle. Accordingly, Supreme Court properly dismissed plaintiff's complaint against Goodyear and partially dismissed plaintiff's complaint against defendant Florance as to the repair and maintenance of the brakes on her vehicle *(see, Price v Hampson,* 142 AD2d 974).

Finally, plaintiff contends that it was error for Supreme Court to have considered a police accident report attached to the motion papers. We disagree. To the extent that matters contained in the report can be seen as hearsay, we note that the witness Wayne Leverknight and Florance's version of the accident, as contained in said report, were presented in proper evidentiary form by way of affidavit and deposition testimony *(see, Rifenbury v Gerrity,* 96 AD2d 660).

Weiss, P. J., Mahoney, Casey and Harvey, JJ., concur. Ordered that the amended order is affirmed, with costs.