■ JAMES C. MYERS et al., Appellants-Respondents, v NYNEX CORPORATION, Respondent-Appellant. [684 NYS2d 61] —Carpinello, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered January 22, 1998 in St. Lawrence County, which denied plaintiffs' motion for partial summary judgment on the issue of liability and denied defendant's cross motion for summary judgment dismissing the complaint.

Plaintiffs own a 7.694-acre parcel in the Town of Oswegatchie, St. Lawrence County. This action arises out of the cutting and removal of trees, brush and a fence on this property by defendant in order to replace the aerial cable on an existing pole line also located on the property. Seeking treble damages, plaintiffs claim that liability has been conclusively established pursuant to RPAPL 861 (1) and (2) in that it is undisputed that defendant cut and removed their trees without permission or without attempting to ascertain the true owner of the property (defendant believed that the pole line, poles and fence were located on the adjoining landowner's property who had previously granted it an easement and, therefore, contacted only that owner prior to its tree-trimming activities). Defendant counters that a 1929 easement to erect and maintain five wooden poles in conjunction with the pole line and a 1966 trimming easement absolve it of liability under adverse possession and prescriptive easement principles. Supreme Court's denial of summary judgment to either party has prompted these cross appeals.

We see no basis to disturb Supreme Court's determination that factual issues have been raised precluding summary judgment in favor of any party. Defendant's papers established that it obtained an easement to erect a pole line in 1929 and, accordingly, five poles were installed on what defendant believed to be the property of the adjoining landowner. Both the line and the poles remained in place without objection until June 1995 when plaintiffs, who had acquired title to their parcel in 1986, objected to defendant's removal of the trees and updated their survey to confirm that the poles in fact encroached several feet on their property. Defendant does not deny that it cut and removed trees, brush and a fence so that it could replace the existing cable line; however, it believed it was doing so pursuant to properly granted easements. Even if defendant had no express easement from plaintiffs to clear

trees and brush on their property, plaintiffs are not entitled to summary judgment since defendant's defenses of adverse possession and prescriptive easement would, if proven, negate liability under RPAPL 861 (1).

To the extent that defendant claims that it was entitled to summary judgment on its prescriptive easement defense, we are similarly unpersuaded. While defendant may have satisfied the elements of "open and notorious" (*Pickett v Whipple*, 216 AD2d 833, 834) by establishing that the poles and the pole line have been on plaintiffs' property since 1930, questions of fact exist as to whether the other elements have been proven. Furthermore, "[i]nsofar as proof of its [defenses] might establish that [defendant] acted upon a good-faith and reasonable mistake as to [its] right to cut plaintiff[s'] trees" (*Braman v Rochester Gas & Elec. Corp.*, 54 AD2d 174, 176), triable issues of fact have been raised as to whether its conduct in clear-cutting the trees was "casual and involuntary" (RPAPL 861 [2] [a]) such that any award to plaintiffs in the event liability is established should not be tripled (*see*, *Cunningham v Brischke*, 167 AD2d 604, 605).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.