■ JOSEPH BONSERA et al., Appellants, v UNIVERSAL RECYCLING SERVICES CORP. et al., Respondents, et al., Defendants. [703 NYS2d 729] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Kitzes, J.), dated March 2, 1999, which, upon the granting of the respondents' motion for judgment as a matter of law, made at the close of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Joseph Bonsera (hereinafter the plaintiff) was hit by a truck while in a refuse transfer station in Glen Cove. Before the trial began, the plaintiff settled the case against the defendant truck driver and his corporation for $90,000. At the close of the liability phase of the trial, the remaining defendants, who owned and operated the transfer station, moved for judgment as a matter of law. The trial court properly granted the motion on the ground that the plaintiff failed to prove that the remaining defendants were negligent or that, if they were negligent, their negligence was a substantial cause of the accident.

Where, as here, there is no causal connection between the design and maintenance of the premises and the plaintiff's injuries, there is no liability against the remaining defendants (*see, Margolin v Friedman,* 43 NY2d 982; *Weber v City of New York,* 24 AD2d 618, *affd* 17 NY2d 790). The record reveals that the accident happened as a result of the truck driver's failure to control his vehicle and that the premises "merely furnished the condition or occasion for the occurrence of the event rather than one of its causes" (*Sheehan v City of New York,* 40 NY2d 496, 503). O'Brien, J. P., Friedmann, Florio and Schmidt, JJ., concur.