■ DAVID W. LONG, Respondent, v KEVIN G. CLEARY, Defendant, and CITY OF LACKAWANNA, Appellant. [709 NYS2d 741]

—Amended judgment unanimously reversed on the law without costs, motion granted and amended complaint against defendant City of Lackawanna dismissed. Memorandum: Defendant City of Lackawanna (City) appeals from an amended judgment entered upon a jury verdict finding the City 40% liable for an automobile accident between the vehicles driven by defendant Kevin G. Cleary and plaintiff. The jury found Cleary 45% liable and plaintiff 15% liable.

Contrary to plaintiff's contention, the City properly appealed from the amended judgment, which superseded the original judgment, because the amended judgment altered the original judgment in a material respect (*see, Gormel v Prudential Ins. Co.,* 151 AD2d 1048; *cf., Matter of Kolasz v Levitt,* 63 AD2d 777, 779).

The record is devoid of proof that the City's negligence, if any, was a proximate cause of the accident and plaintiff's resulting injury, and thus Supreme Court erred in denying the City's motion for a trial order of dismissal pursuant to CPLR 4401. The sole basis for the alleged negligence of the City was its failure to place skip lines on the highway before the intersection. Plaintiff, however, presented no proof that such markings were required under the New York Manual of Uniform Traffic Control Devices. Indeed, plaintiff's expert testified that the only applicable reference in the manual was a provision "that any roadway with pavement sixteen feet or wider *may* be marked to indicate lane use [emphasis supplied]," and that such markings are intended to prevent vehicles from wandering from lane to lane.

Even assuming, arguendo, that the City should have placed the skip lines on the highway, we conclude that plaintiff failed to establish that the failure to do so was a proximate cause of the accident (*see generally, Ball v State of New York,* 96 AD2d 1139, *affd* 61 NY2d 990; *Atkinson v County of Oneida,* 59 NY2d 840, *rearg denied* 60 NY2d 587; *Boucher v Town of Candor,* 234 AD2d 669; *Levitt v County of Suffolk,* 166 AD2d 421, 423, *lv dismissed* 77 NY2d 834; *Price v Hampson,* 142 AD2d 974). The speculation of plaintiff's expert that the skip lines would have alerted plaintiff to the fact that this was a four-lane intersection and the self-serving statement of Cleary that, had he known it was a four-lane highway, he would have been "more cautious" before turning in front of plaintiff's oncoming vehicle do not establish proximate cause. "Speculation, guess and surmise may not be substituted for competent evidence" (*Price v Hampson, supra,* at 975-976). At the very most, the failure to mark the intersection "merely furnished the condi-

tion or occasion for the occurrence of the event rather than one of its causes" (*Sheehan v City of New York*, 40 NY2d 496, 503; *see, Margolin v Friedman*, 43 NY2d 982, 983; *Bonsera v Universal Recycling Servs. Corp.*, 269 AD2d 483; *Haylett v New York City Tr. Auth.*, 251 AD2d 373).

*Owens v City of Syracuse* (258 AD2d 898), relied upon by plaintiff, does not support a contrary result. In *Owens*, the plaintiffs' expert testified that the failure of defendant City of Syracuse to provide a center line along the entire length of the street violated a provision of the New York Manual of Uniform Traffic Control Devices (17 NYCRR 262.2 [a]). Here, there is no proof of a violation of the manual. Likewise, *Scheemaker v State of New York* (125 AD2d 964, 965, *affd* 70 NY2d 985), also relied upon by plaintiff, is inapposite. The State's liability in *Scheemaker* was predicated on the failure of the State to post lower mandatory speed limit signs at a dangerous intersection.

Thus, we reverse the amended judgment, grant the motion of the City and dismiss the amended complaint against it. (Appeal from Amended Judgment of Supreme Court, Erie County, Kane, J.—Negligence.) Present—Pigott, Jr., P. J., Pine, Hayes, Balio and Lawton, JJ.