■ WILHEMINA MURRAY-DAVIS et al., Respondents, v RAPID ARMORED CORPORATION et al., Appellants. [752 NYS2d 37] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about August 15, 2001, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We disagree with the conclusion of the motion court, although not its ultimate disposition, and find that an issue of fact exists as to whether defendants' armored vehicle was illegally double-parked (*see* 34 RCNY 4-08 [f]), as it has been held that a violation of a double-parking statute is some evidence of negligence which should go to the jury (*Ferguson v Gassman*, 229 AD2d 464; *see also Newman v Hart*, 231 AD2d 862). Indeed, in *Ferrer v Harris* (55 NY2d 285), the Court of Appeals opined that: "It also takes no stretch of the imagination to appreciate that, *but for the van's unlawful double-parking, the Harris car would not have had to travel as close to the automobiles parked on the east side of the street*, thus affording its operator an opportunity for a more wide-angled, more distant and earlier view of the child. More directly, absent the van, the westerly traveling lane would have been an unblocked avenue into which Harris might have maneuvered to avoid the accident. In short, to say the least, the connection between the disobedience of the traffic regulation and the happening of the accident was logical and immediate enough to have permitted the jury to find that Javidan's negligence was a substantial proximate cause of the event which produced the injury (Restatement, Torts 2d, § 431)." (*Id.* at 293-294 [emphasis added].)

In this matter, "but for" defendants' allegedly illegally parked truck, plaintiff would not have had to make the lane change which purportedly precipitated the accident. Accordingly, summary judgment is not warranted herein. Concur—Nardelli, J.P., Mazzarelli, Buckley, Sullivan and Marlow, JJ.