DENISE MENDRYKOWSKI, Appellant, v NEW YORK TELEPHONE COMPANY, Doing Business as BELL ATLANTIC-NEW YORK, Respondent. [768 NYS2d 874]—

Appeal from an order of Supreme Court, Erie County (Marshall, J.), entered December 5, 2002, which granted defendant's motion for summary judgment and dismissed the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when the bicycle she was riding struck defendant's parked truck. Supreme Court properly granted defendant's motion for summary judgment dismissing the amended complaint. Even assuming, arguendo, that the truck was improperly parked, we conclude as a matter of law that the location of the truck "merely furnished the condition or occasion for the occurrence of the event" and was not one of its causes (*Sheehan v City of New York*, 40 NY2d 496, 503 [1976]; *see also Long v Cleary*, 273 AD2d 799, 800-801 [2000], *lv denied* 95 NY2d 763 [2000]; *see generally Price v Hampson*, 142 AD2d 974, 975 [1988]). Plaintiff's speculation that the proximity of the truck to the fire hydrant or the absence of cones to warn of its presence caused the accident is insufficient to raise an issue of fact (*see Pank v Village of Canajoharie*, 275 AD2d 508, 509 [2000]; *Long*, 273 AD2d at 800). Because plaintiff's unsworn statement constitutes a statement against interest, the court properly relied on that statement in determining that plaintiff was not looking where she was going at the time of her accident (*see Ferrara v Poranski*, 88 AD2d 904 [1982]). Present—Pine, J.P., Wisner, Scudder, Gorski and Lawton, JJ.