■ DONNA PURVES et al., Respondents, v COUNTY OF ERIE et al., Appellants, and TIMOTHY TRAFALSKI, Respondent. [784 NYS2d 415]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered January 6, 2004. The order denied the motion of defendants County of Erie and County of Erie Highway Department for summary judgment dismissing the complaint and cross claim against them in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs brought this action to recover damages for personal injuries sustained by plaintiff Donna Purves as a result of a motor vehicle accident that occurred on a highway owned and maintained by defendant County of Erie (County). Supreme Court properly denied the motion for summary judgment of the County and its highway department (defendants). Defendants failed to establish that they were not negligent in carrying out their nondelegable duty to maintain the County highway in a condition reasonably safe for motorists (*see generally Stiuso v City of New York,* 87 NY2d 889, 890-891 [1995]; *Friedman v State of New York,* 67 NY2d 271, 283 [1986]; *Lopes v Rostad,* 45 NY2d 617, 623 [1978]). In any event, plaintiffs raised a triable issue of fact concerning whether any failure or delay in restriping the road constituted negligence on the part of defendants (*see Bailey v Honda Motor Co.,* 144 AD2d 119, 121 [1988], *lv denied* 73 NY2d 705 [1989]). We further conclude that there is a triable issue of fact concerning whether defendants' alleged negligence was a proximate cause of the accident and injuries (*see Owens v City of Syracuse,* 258 AD2d 898 [1999]; *Little v City of Syracuse* [appeal No. 4], 258 AD2d 899, 899-900 [1999]; *Bailey,* 144 AD2d at 121; *cf. Long v Cleary,* 273 AD2d 799, 800-801 [2000], *lv denied* 95 NY2d 763 [2000]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.