■ THOMAS M. GERRITY et al., Appellants, v ABDUL-MALIK MUTHANA, Defendant, and LEPRECHAUN LINES, INC., et al., Respondents. [814 NYS2d 440]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 8, 2005 in a personal injury action. The order, among other things, granted the motions of defendants Leprechaun Lines, Inc. and City of Buffalo and the cross motion of defendant County of Erie/Erie Community College for summary judgment dismissing the amended complaint and all cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Thomas M. Gerrity (plaintiff) when a vehicle driven by defendant Abdul-Malik Muthana ran a red light and struck a Niagara Frontier Transportation Authority bus operated by plaintiff, causing the bus to collide with a parked bus owned by Leprechaun Lines, Inc. (defendant). According to plaintiffs, a proximate cause of the collision was the illegal parking of defendant's bus in a "No Standing" area. Supreme Court properly granted the motion of defendant for summary judgment dismissing the amended complaint and all cross claims against it. Defendant met its burden on the motion by establishing as a matter of law that the sole proximate cause of the accident was Muthana's failure to stop at the red light, and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The location of defendant's bus " 'merely furnished the condition or occasion for the occurrence of the event' and was not one of its causes" (*Mendrykowski v New York Tel. Co.*, 2 AD3d 1410, 1410 [2003]). In view of our determination that defendant's motion was properly granted, we agree with the court that plaintiffs' cross motion against defendant is moot.

All concur except Martoche and Pine, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Martoche and Pine, JJ. (dissenting). We respectfully dissent. Although the underlying facts of the motor vehicle accident are not generally disputed, we conclude that there are issues of fact whether, based on those undisputed facts, Leprechaun Lines, Inc. (defendant) was negligent and if so, whether its negligence was a proximate cause of the collision between its bus and the bus driven by Thomas M. Gerrity (plaintiff). In addition, there is thus a further issue of fact whether defendants County of Erie/Erie Community College (County) and City of Buffalo (City) may be held vicariously liable for plaintiff's injuries. Plaintiff was injured when the bus he was operating was struck by a vehicle whose driver ran a red light, causing plaintiff's bus to strike an illegally-parked bus owned by defendant. It is undisputed that the second collision with defendant's illegally-parked bus caused the injuries sustained by plaintiff.

Supreme Court granted the motion of defendant for summary judgment dismissing the amended complaint and all cross claims against it, determining that the parked bus "was merely a condition and not a proximate cause of the accident." That determination then supported the court's decision to grant the cross

motion of the County and the motion of the City for summary judgment dismissing the amended complaint and all cross claims against them. The majority concludes that the order should be affirmed because, even if defendant's bus was illegally parked, the location of the bus " 'merely furnished the condition or occasion for the occurrence of the event' and was not one of its causes" (*Mendrykowski v New York Tel. Co.*, 2 AD3d 1410, 1410 [2003]). We cannot agree. We view this incident as a "chain reaction" accident consisting of two separate collisions. The first collision was unrelated to defendant's bus (*cf. Ferrer v Harris*, 55 NY2d 285, 293-294 [1982], *mot to amend remittitur granted* 56 NY2d 737 [1982]; *Murray-Davis v Rapid Armored Corp.*, 300 AD2d 96 [2002]). The second collision with defendant's illegally-parked bus caused the injuries. We thus conclude that there are issues of fact whether defendant was negligent in parking the bus illegally and whether that negligence was a proximate cause of the collision between plaintiff's bus and defendant's bus.

"It has been held in a variety of factual circumstances that owners of improperly parked cars may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of foreseeability and proximate cause unique to the particular case" (*O'Connor v Pecoraro*, 141 AD2d 443, 445 [1988], citing, inter alia, *Ferrer*, 55 NY2d 285 [1982]). Where, as here, the connection between the parking violations and the happening of the accident is logical and immediate enough to present an issue of fact, the issue is one for the trier of fact and is not properly resolved on a motion for summary judgment (*see id.*; *cf. Dormena v Wallace*, 282 AD2d 425, 427 [2001]). We therefore would reverse the order, deny the motions of defendant and the City and the cross motion of the County and reinstate the amended complaint and cross claims against them and remit the matter to Supreme Court to determine plaintiffs' cross motion. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.