◼ Ana Henriquez et al., Respondents, v Parsippany Construction Company, Inc., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. Safety Marking, Inc., Third-Party Defendant-Appellant. [879 NYS2d 512]—

In an action to recover damages for personal injuries, etc., the defendant and third-party plaintiff appeals and the third-party defendant separately appeals from an order of the Supreme Court, Rockland County (Nelson, J.), dated March 13, 2008, which denied the defendant third-party plaintiff's motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

At approximately 5:30 P.M. on December 12, 2000, the injured plaintiff was operating a vehicle eastbound on Route 202, a two-lane highway, when it crossed over the double-yellow center line into the opposing lane of traffic and struck a westbound vehicle head-on. At the time of the accident, a two-mile stretch of Route 202 was undergoing road widening and resurfacing. The injured plaintiff and her husband, derivatively, commenced this action against, among others, the defendant and third-party-plaintiff, Parsippany Construction Company, Inc. (hereinafter Parsippany), the general contractor performing the construction work on Route 202 pursuant to a contract with the New York State Department of Transportation (hereinafter the DOT), alleging that Parsippany negligently failed to provide adequate road markings. The plaintiffs' theory of liability, as articulated in their bill of particulars, is that the road markings did not provide the injured plaintiff with sufficient guidance to determine her lane of travel and caused her to move into the opposing lane. Parsippany impleaded the third-party defendant Safety Marking, Inc. (hereinafter Safety Marking), with whom it had subcontracted to place temporary and permanent road markings. The Supreme Court denied Parsippany's motion for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

The general rule is that "[a] builder or contractor is justified in relying upon the plans and specifications which he [or she] has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (*Ryan v Feeney & Sheehan Bldg. Co.*, 239 NY 43, 46 [1924]; *see Gee v City of New York*, 304 AD2d 615 [2003]; *Morriseau v Rifenburg Constr.*, 223 AD2d 981 [1996]).

Parsippany failed to establish its prima facie entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Although Parsippany submitted evidence indicating that the placement and removal of temporary road markings was performed according to the DOT's plans and specifications and that the DOT had inspected and approved the work (*see Loconti v Creede*, 169 AD2d 900, 903 [1991]), there is evidence in the record that Parsippany supervised Safety Marking's work and was responsible for maintaining the road striping, and that at the time of the accident, the road striping had become severely faded and old striping was visible such that it was difficult for drivers to discern the proper lane of travel. Thus, there remain issues of fact as to whether the appellants were negligent in failing to maintain the striping according to the DOT's plans and specifications and whether such negligence was a proximate cause of the accident (*see Purves v County of Erie*, 12 AD3d 1112 [2004]; *Bailey v Honda Motor Co.*, 144 AD2d 119 [1988]). Accordingly, Parsippany's motion for summary judgment was properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]). Mastro, J.P., Covello, Balkin and Austin, JJ., concur.