■ EDWARD J. PETITO, Appellant, v CITY OF NEW YORK et al., Defendants, and DEFOE CORP., Respondent. [944 NYS2d 300]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated February 23, 2011, as granted that branch of the motion of the defendant Defoe Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Defoe Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly sustained injuries when his motorcycle collided with the western end of a barrier that separated a High Occupancy Vehicle (hereinafter HOV) lane from an adjacent lane on the Gowanus Expressway. At the time of the accident, the defendant Defoe Corp. (hereinafter Defoe) was performing emergency repairs on the Gowanus Expressway pursuant to a contract with the State of New York. Pursuant to the contract, traffic barrels were to be placed at the western end of the barrier to warn motorists. The plaintiff alleged that the accident occurred as a result of Defoe's negligence in placing the HOV lane barrier in the roadway without providing adequate warning of its presence.

At his deposition, the plaintiff testified that the configuration of the lanes on the Gowanus Expressway had changed frequently in the weeks before his accident due to the construction project. Moreover, he testified that there were no traffic "barrel cones" in the roadway to warn him of the barrier. After the filing of the note of issue, Defoe moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the motion, the plaintiff appeals, and we reverse the order insofar as appealed from.

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]). Nonetheless, the Court of Appeals has held that "a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons:

(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140 [internal quotation marks and citations omitted]; *see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010]).

Here, Defoe demonstrated its prima facie entitlement to judgment as a matter of law "merely by coming forward with proof that the plaintiff was not a party to [the emergency repair contract] and that [Defoe] therefore owed no duty of care to the plaintiff" (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 214; *see Knox v Sodexho Am., LLC*, 93 AD3d 642 [2012]). However, in opposition to Defoe's prima facie showing, the plaintiff raised a triable issue of fact as to whether the barrier, when placed in the roadway without the traffic barrels, constituted a force or instrument of harm "launched" by Defore which rendered the roadway less safe than before the emergency repair project began (*see Schosek v Amherst Paving, Inc.*, 11 NY3d 882 [2008]; *see also Golisano v Keeler Constr. Co., Inc.*, 74 AD3d 1915, 1916 [2010]; *cf. Church v Callanan Indus.*, 99 NY2d 104 [2002]).

Moreover, although "[a] builder or contractor is justified in relying upon the plans and specifications which he has contracted to follow unless they are so apparently defective that an ordinary builder of ordinary prudence would be put upon notice that the work was dangerous and likely to cause injury" (*Gee v City of New York*, 304 AD2d 615, 616 [2003] [internal quotation marks omitted]), triable issues of fact remain as to whether Defoe was negligent in failing to place the traffic barrels in front of the barrier in accordance with the New York State Department of Transportation's plans and specifications (*see Henriquez v Parsippany Constr. Co., Inc.*, 62 AD3d 749, 750 [2009]; *cf. Gee v City of New York*, 304 AD2d 615 [2003]).

We have not considered Defoe's contention regarding proximate cause, since it was improperly raised for the first time in its reply papers before the Supreme Court (*see Alrobaia v Park Lane Mosholu Corp.*, 74 AD3d 403, 404 [2010]; *Fletcher v Westbury Toyota, Inc.*, 67 AD3d 730, 731 [2009]).

The parties' remaining contentions are without merit.

Accordingly, that branch of Defoe's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.