# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1189

CA 13-00575

PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

CAMERON E. PARO, PLAINTIFF,

V                                                          MEMORANDUM AND ORDER

PIEDMONT LAND AND CATTLE, LLC, DEFENDANT.
-------------------------------------------
PIEDMONT LAND AND CATTLE, LLC, THIRD-PARTY
PLAINTIFF-APPELLANT,

V

W.D. BACH EXCAVATING & CONSULTING, LLC,
THIRD-PARTY DEFENDANT-RESPONDENT.

---

KNYCH & WHRITENOUR, LLC, SYRACUSE (PETER W. KNYCH OF COUNSEL), FOR
DEFENDANT AND THIRD-PARTY PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (BRANDON R. KING OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered January 15, 2013. The order granted the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking summary judgment dismissing the claim for contribution and reinstating the third-party complaint to that extent, and as modified the order is affirmed without costs.

Memorandum: Defendant-third-party plaintiff, Piedmont Land and Cattle, LLC (Piedmont), the owner of a parking lot, entered a contract with third-party defendant, W.D. Bach Excavating & Consulting, LLC (Bach), pursuant to which Bach was to raze the structures that had been on the property and to fill in all holes or voids that might exist there. Pursuant to that contract, Bach leveled the buildings and filled in certain holes not relevant herein. Plaintiff commenced this action against Piedmont, seeking damages for injuries that he sustained when his foot fell through a hole in the parking lot and entered a hidden vault below it. Piedmont later commenced a third-party action seeking contribution and common-law indemnification from Bach. Piedmont appeals from an order granting Bach's motion for summary judgment dismissing the third-party complaint. We note at the

outset that Piedmont does not challenge that part of the order dismissing the claim for common-law indemnification, and thus it has abandoned any contentions with respect to that claim (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  We agree with Piedmont that the court erred in granting that part of the motion with respect to the claim for contribution, and we therefore modify the order accordingly.

We conclude that Bach met its initial burden on its motion with respect to the claim for contribution by establishing its entitlement to judgment as a matter of law dismissing that claim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Specifically, Bach established as a matter of law "that the injured plaintiff was not a party to [the] contract . . . and that it thus owed no duty of care to the injured plaintiff" (*Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 811; *see Petito v City of New York*, 95 AD3d 1095, 1096).  In opposition, however, Piedmont raised triable issues of fact to defeat that part of the motion.  Although plaintiff was a noncontracting third party with respect to the construction contract between Bach and Piedmont, Bach may still be liable if, "in failing to exercise reasonable care in the performance of its duties, [it] 'launche[d] a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140; *see Church v Callanan Indus.*, 99 NY2d 104, 111), or otherwise made the area "less safe than before the construction project began" (*Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 67, *lv dismissed* 4 NY3d 739, *rearg denied* 4 NY3d 795).  Here, there are issues of fact whether Bach negligently filled in the vault only partially, and concealed its existence, thereby creating a force or instrument of harm or otherwise making the area less safe than before the demolition project began (*see e.g. Schosek v Amherst Paving, Inc.*, 11 NY3d 882, 883; *Cornell v 360 W. 51st St. Realty, LLC*, 51 AD3d 469, 470; *cf. Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257-258).

We have considered Piedmont's remaining contentions, and we conclude that they are without merit or are moot in light of our decision.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court