Busterna v County of Suffolk (2019 NY Slip Op 00851)





Busterna v County of Suffolk


2019 NY Slip Op 00851


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-06809
 (Index No. 22958/10)

[*1]James Busterna, respondent, 
v
County of Suffolk, appellant, et al., defendants.


Dennis M. Brown, County Attorney, Hauppauge, NY (Christopher A. Jeffreys of counsel), for appellant.
Raphaelson & Levine, New York, NY (Steven C. November of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated May 10, 2016. The order, insofar as appealed from, denied the motion of the defendant County of Suffolk for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when the motorcycle he was operating collided with a motor vehicle at the T-intersection of Commack Road and Drakeford Avenue in Babylon. Thereafter, the plaintiff commenced this action against the driver of the motor vehicle, the Town of Babylon, and the County of Suffolk. The plaintiff alleged that the County was liable for failing to remove foliage obstructing a view of the road and/or failing to maintain a white stop line located on Drakeford Avenue. Additionally, the plaintiff alleged in his notice of claim that the County allowed "the roadway to be and remain in such a design and configuration which would cause motor vehicle accidents." The plaintiff further alleged in his pleadings that the County had failed to conduct an adequate traffic study after it was made aware of the dangerous condition regarding vehicles attempting to cross Commack Road to enter a driveway to a shopping center that was located on the opposite end of Drakeford Avenue.
After the completion of discovery, the County moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In the order appealed from, the Supreme Court, inter alia, denied the County's motion. The County appeals.
On its motion, the County addressed the plaintiff's roadway defect allegation by submitting evidence that there was no obstruction of view and that the white stop line was clearly visible (see Dorr v Farnham, 57 AD3d 1404, 1406; Price v Hampson, 142 AD2d 974, 975; cf. Chang v City of New York, 142 AD3d 401, 402; Nichols-Sisson v Windstar Airport Serv., Inc., 99 AD3d 770, 773). However, the County failed to address the plaintiff's allegations of design defects and the allegations in his pleadings regarding the traffic study (see e.g. Turturro v City of New York, 28 NY3d 469, 480; Friedman v State of New York, 67 NY2d 271, 286; Bresciani v County of [*2]Dutchess, N.Y., 62 AD3d 639, 640). Accordingly, the County failed to establish its prima facie entitlement to judgment as a matter of law.
Therefore, we agree with the Supreme Court's determination denying the County's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court