■ MICHELE KANTOR, Respondent, v MET TRANSPORT INC. et al., Appellants, et al., Defendants. [936 NYS2d 544]—

Defendants-appellants met their initial burden of establishing their entitlement to judgment as a matter of law by presenting evidence that the taxicab owned and operated by them was legally parked at the time of the accident, and that the moving vehicle's negligence in rear-ending the taxi in front of it was the sole proximate cause (*see Agramonte v City of New York*, 288 AD2d 75 [2001]). Assuming arguendo that plaintiff raised a triable issue of fact as to whether the cab was negligently stopped in violation of 34 RCNY 4-08 (a) (3), plaintiff failed to raise a triable issue of fact as to whether this negligence proximately caused the accident (*see White v Diaz*, 49 AD3d 134 [2008]; *Gerrity v Muthana*, 28 AD3d 1063 [2006], *affd* 7 NY3d 834 [2006]). Therefore, the IAS court improperly denied defendants-appellants' motion for summary judgment. Concur—Andrias, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.