**Washington v Metropolitan Transp. Auth.**

2025 NY Slip Op 30715(U)

March 3, 2025

Supreme Court, New York County

Docket Number: Index No. 157017/2020

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**      PART      **22**

*Justice*

-------------------------------------------------------------------X

YOLANDA WASHINGTON,

            Plaintiff,

     - v -

THE METROPOLITAN TRANSPORTATION AUTHORITY,
THE CITY OF NEW YORK, THE NEW YORK CITY
TRANSIT AUTHORITY, MABSTOA, MTA BUS COMPANY,
JOHN DOE "BUS DRIVER," STEVEN L. MANON and
JANEAL GABAY,

            Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157017/2020 |
| MOTION DATE | 09/05/2023, 06/10/2024, 07/06/2024 |
| MOTION SEQ. NO. | 001 002 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 99, 100, 101, 102, 103, 104, 105, 117
were read on this motion to/for        JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 130, 131, 132, 133, 134, 135, 136, 137, 138, 150, 151
were read on this motion to/for        JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 129, 139, 140, 141, 142, 143, 144, 145, 146, 152, 153
were read on this motion to/for        JUDGMENT - SUMMARY        .

Motion sequence nos. 001, 002 and 003 are consolidated for disposition herein.

This action arises out of a motor vehicle accident that occurred on June 14, 2019, when the vehicle owned by defendant Janeal Gabay (Gabay) and operated by defendant Steven L. Manon (Manon) (together, Gabay/Manon), in which plaintiff Yolanda Washington was a passenger, was involved in a collision with bus no. 3467 owned by defendants the Metropolitan Transportation Authority, the City of New York, the New York City Transit Authority, MABSTOA, and MTA Bus Company (together, MTABC) and operated by defendant John Doe "Bus Driver." The

157017/2020  WASHINGTON, YOLANDA vs. METROPOLITAN
Motion No. 001 002 003

Page 1 of 9

accident occurred at approximately 3:10 p.m in the roadway in front of 322 East 34th Street in New York County.

In motion sequence no. 001, Gabay/Manon move, pursuant to CPLR 3212, for summary judgment dismissing the complaint on the ground that they are not liable for the happening of the accident. MTABC cross-moves, pursuant to CPLR 3212, for summary judgment dismissing the complaint, arguing that it is not liable for the happening of the accident.

In motion sequence no. 002, Gabay/Manon move, pursuant to CPLR 3212, for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law 5102. Motion sequence no. 003, filed by Gabay/Manon, is a duplicate of their earlier motion for summary judgment on the threshold issue of serious injury.

### Background

Plaintiff testified that she and her brother, Donnell Mandy (Mandy), had been traveling to a medical appointment on 34th Street in a vehicle provided by Access-A-Ride when the accident occurred (NY St Cts Elec Filing [NYSCEF] Doc No. 52, Macchia affirmation, exhibit 6, plaintiff tr at 27). Plaintiff described 34th Street as a two-way street with two lanes for moving traffic on either side (*id.* at 30). Plaintiff was seated in the rear passenger seat and her brother was seated behind the driver (*id.* at 29-30). The vehicle in which plaintiff was traveling was parked next to the curb on the right-hand side of 34th Street between First and Second Avenues (*id.* at 31-32). Plaintiff explained that she was inside the vehicle, which had been stopped for no more than one minute (*id.* at 35), paid the driver the fare and turned to the right to exit when she "felt like a real hard like rush up against the car" (*id.* at 32). Plaintiff testified that when she turned around, she saw the left rear passenger door "hooked" to the side of a bus (*id.* at 34). The "heavy" impact (*id.* at 33) caused the vehicle to move forward about one-half foot (*id.* at 36). Plaintiff heard no

157017/2020 WASHINGTON, YOLANDA vs. METROPOLITAN
Motion No. 001 002 003

Page 2 of 9

honking horns or screeching tires before the impact (*id.* at 35). Plaintiff also stated that she did not see the bus involved in the collision before the accident (*id.* at 34) and that the bus never stopped after the accident (*id.* at 42).

Manon testified that he had been working as a livery driver for Access-A-Ride for one week when the accident occurred (NYSCEF Doc No. 83, Spier affirmation, exhibit E, Manon tr at 12). Manon could not recall the weather conditions at the time of the accident or the exact location of the accident (*id.* at 19 and 22). He remembered the accident occurred on East 34th Street, which was a two-way street with two lanes for moving traffic and a designated bus lane on the right side of the street (*id.* at 24). The bus lane encompassed the parking lane, and Manon stated that he was allowed to park there (*id.*).

Manon testified that he was dropping off two passengers, a man and a woman, when the accident occurred (*id.* at 23). The female passenger was seated in the right rear passenger seat and the male passenger was seated directly behind his seat (*id.*). Manon recounted having activated the right blinker signal before moving over to park in the parking lane next to curb (*id.* at 24). He had been stopped for about 10 seconds, during which time he informed the passengers to exit the vehicle curbside (*id.* at 25-26). Manon then heard a "big boom" and "crackling" sounds (*id.* at 51). Manon stated that he had yet to unlock the passenger doors, as was his usual procedure, and believed the male passenger had manually unlocked the rear left passenger door and opened it onto the street-side of 34th Street (*id.* at 45-46). Manon did not see the male passenger open the door before he heard a bus strike that door (*id.* at 28, 30, 36-37 and 44). Manon saw the bus, which he estimated had been traveling between 20 and 30 miles per hour, for the first time as it came into contact with his vehicle (*id.* at 42-43). Manon observed that the passenger door was bent and the

157017/2020  WASHINGTON, YOLANDA vs. METROPOLITAN
Motion No. 001 002 003

Page 3 of 9

window was shattered after the accident (*id.* at 37). An eyewitness gave Manon the identification number for the bus involved in the accident (*id.* at 33).

Johnny Delgado (Delgado), a bus driver employed by the MTA, had no specific or independent recollection of working on the date of the accident, testifying only that his "paddle" or worksheet showed that he had driven the QM2 and QM7 routes that day (NYSCEF Doc No. 62, Guna affirmation, exhibit B, Delgado tr at 12-14, 17-18 and 23). The QM7 route ran east on 34th Street to Wall Street, and Delgado had been driving that route the afternoon of the accident (*id.* at 25). There were lanes for eastbound moving traffic and a bus lane on the right of 34th Street (*id.* at 30). Delgado testified he could not recall the bus striking an Access-A-Ride vehicle while a passenger was attempting to exit on the date of the accident (*id.* at 23-24).

Plaintiff commenced this action on September 1, 2020. The complaint pleads a single cause of action alleging that defendants were negligent in their ownership, operation and control of their respective vehicles, and that their negligence caused the accident and plaintiff's injuries (NYSCEF Doc No. 1, complaint ¶ 149).

Gabay/Manon now moves, and MTABC cross-moves for summary judgment. Plaintiff opposes each application.

## Discussion

A party moving for summary judgment bears the burden of "mak[ing] a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The "facts must be viewed in the light most favorable to the non-moving party" (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 316 [2024] [internal quotation marks and citation omitted]). If the moving party meets its prima facie burden, "the party opposing the motion must

**157017/2020 WASHINGTON, YOLANDA vs. METROPOLITAN**
**Motion No. 001 002 003**

**Page 4 of 9**

4 of 9

demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for [its] failure so to do" (*Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]).

### A. Gabay/Manon's Liability

On this motion, Gabay/Manon argue that they bear no liability to plaintiff for the happening of the accident. They rely, in part, on plaintiff's deposition transcript and Manon's affidavit, in which Manon avers that he had legally parked Gabay's vehicle at the curb when it was struck by the MTABC's bus (NYSCEF Doc No. 53, Manon aff, 7).

"While owners of improperly parked vehicles may be held liable to persons injured by negligent drivers of other vehicles, an owner of a legally parked vehicle cannot be held responsible for the actions of another driver" (*Rahimi v Manhattan & Bronx Surface Tr. Operating Auth.*, 43 AD3d 802, 804 [1st Dept 2007]). Here, Gabay/Manon have satisfied their prima facie burden on summary judgment by demonstrating that their vehicle was legally parked when it was struck by the MTABC bus (*id.* [granting summary judgment where "there is no evidence that Con Ed's vehicles were illegally parked"]; *see also O'Rourke v Carucci*, 117 AD3d 1015, 1015 [2d Dept 2014] [summary judgment granted to defendants whose "vehicle was stopped and legally parked when it was struck in the rear"]; *Kantor v Met Transp. Inc.*, 91 AD3d 525, 526 [1st Dept 2012] [same]).

Plaintiff, in opposition, contends that Gabay/Manon violated Vehicle and Traffic Law (VTL) 1200 (d), which reads as follows: "[w]hen official signs have been posted prohibiting, restricting or limiting the stopping, standing or parking of vehicles on any highway, no person shall stop, stand or park any vehicle in violation of the restrictions stated on such signs." Plaintiff submits that photographs obtained from Google Maps depict a "No Standing Anytime" sign posted

**157017/2020 WASHINGTON, YOLANDA vs. METROPOLITAN**
**Motion No. 001 002 003**

**Page 5 of 9**

[* 5]

5 of 9

next to a designated bus-only lane, and thus, a triable issue of fact exists whether Manon's violation of a parking rule or regulation was a proximate cause of the accident.[1]

Plaintiff's argument is unpersuasive. VTL 145 provides that "stand" or "standing" shall "[m]ean the stopping of a vehicle, whether occupied or not, otherwise than temporarily for the purpose of and while actually engaged in receiving or discharging passengers." VTL 147 defines "stop" or "stopping" to mean "[w]hen prohibited means any halting even momentarily of a vehicle, whether occupied or not, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic-control sign or signal." Furthermore, 34 RCNY 4-08 (a) (3) reads, in part, "[w]hen standing is prohibited by signs or rules, no person shall stop a vehicle, attended or unattended, except temporarily for the purpose of and while actually engaged in expeditiously receiving or discharging passengers." Last, 34 RCNY 4-12 (m) states:

> "(1) When signs are erected giving notice of bus lane restrictions, except as otherwise posted, no person shall drive a vehicle other than a bus or a wheelchair accessible Access-A-Ride vehicle having a seating capacity of four or more passengers, within a designated bus lane during the restricted hours, except:
>
> …
>
> (iv) temporarily to enter or leave the bus lane for the purpose of and while actually engaged in expeditiously receiving or discharging passengers, except when such activity is prohibited by signs or rules."

As applied here, it is not disputed that Manon temporarily stopped the vehicle for the purpose of discharging his passengers, plaintiff and her brother, as is permissible under VTL 145, 34 RCNY 4-08 (a) (3) and 34 RCNY 4-12 (a) (1) (iv). Plaintiff's contention that the Manon's

---

[1] Although it does not appear that plaintiff complied with CPLR 4532-b with respect to the Google Maps images (see *Chiu Shing Tsang v Ng*, — AD3d —, 2025 NY Slip Op 00800, *1 [1st Dept 2025]), no party has challenged their admissibility.

**157017/2020  WASHINGTON, YOLANDA vs. METROPOLITAN**
**Motion No. 001 002 003**

**Page 6 of 9**

vehicle was illegally double-parked on the roadway is not supported by the evidence. Even if such temporary stopping was not permitted plaintiff has failed to show that such negligence was a proximate cause of the accident (*see Kantor*, 91 AD3d at 526). Consequently, Gabay/Manon's motion for summary judgment on the issue of their liability to plaintiff is granted.

## B. MTABC's Liability

MTABC advances two arguments in support of its cross-motion for summary judgment. First, MTABC argues that it did not breach a duty owed to plaintiff because the bus was operating in a lawful manner straight in the bus lane when the accident occurred. Second, MTABC contends that plaintiff's brother proximately caused the accident when he opened the left rear passenger door into traffic.

"A collision with a stationary vehicle amounts to prima facie evidence of negligence on the part of the operator of the moving vehicle" (*Guzman v Schiavone Constr. Co.*, 4 AD3d 150, 150 [1st Dept 2004], *lv dismissed and denied* 3 NY3d 694 [2004]). Moreover, "drivers have a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident" (*Martinez v WE Transp. Inc.*, 161 AD3d 458, 458 [1st Dept 2018] [internal quotation marks and citation omitted]). "A driver is negligent where an accident occurs because he or she fails to 'see that which through proper use of [his or her] senses [he or she] should have seen'" (*Mohammed v Ning*, 72 AD3d 913, 915 [2d Dept 2010] [internal quotation marks and citation omitted]).

Here, MTABC fails to eliminate all triable issues of fact. MTABC fails to point to any admissible evidence demonstrating that the bus operated by Delgado was traveling at or near the posted speed limit or even traveling straight in the bus lane before the accident. Similarly, the Gabay/Manon vehicle had been stopped for at least 10 seconds before the accident. MTABC has

**157017/2020  WASHINGTON, YOLANDA vs. METROPOLITAN**
**Motion No. 001 002 003**

Page 7 of 9

not furnished any admissible evidence demonstrating that Delgado either saw that vehicle stopped in the bus lane or that he exercised reasonable care to avoid the accident. Accordingly, MTABC's cross-motion for summary judgment is denied without regard to the adequacy of the opposing papers.

## C. Gabay/Manon's Motion on Serious Injury

Gabay/Manon also move for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a "serious injury," as that phrase is defined in Insurance Law 5102 (d). In view of the foregoing, however, these motions are denied as moot.

Accordingly, it is

ORDERED that the motion of defendants Janeal Gabay and Steven L. Manon for summary judgment (motion sequence no. 001) is granted, and the complaint is dismissed as against them; and it is further

ORDERED that the cross-claims against defendants Janeal Gabay and Steven L. Manon by defendants the Metropolitan Transportation Authority, the City of New York, the New York City Transit Authority, MABSTOA, and MTA Bus Company are dismissed; and it is further

ORDERED that the said claims and cross-claims against defendants Janeal Gabay and Steven L. Manon are severed and the balance of the action shall continue; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of defendants Janeal Gabay and Steven L. Manon dismissing the claims and cross-claims made against them in this action; and it is further

ORDERED that the cross-motion of defendants the Metropolitan Transportation Authority, the City of New York, the New York City Transit Authority, MABSTOA, and MTA Bus Company

**157017/2020 WASHINGTON, YOLANDA vs. METROPOLITAN**
**Motion No. 001 002 003**

**Page 8 of 9**

8 of 9

for summary judgment dismissing the complaint (motion sequence no. 001) is denied; and it is further

ORDERED that the motions of defendants Janeal Gabay and Steven L. Manon for summary judgment on the threshold issue of serious injury (motion sequence nos. 002 and 003) are denied as moot.

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 3/3/2025 | | JAMES G. CLYNES, J.S.C. |
|----------|---|---|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|----------------------|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157017/2020   WASHINGTON, YOLANDA vs. METROPOLITAN**
**Motion No.  001 002 003**

Page 9 of 9

9 of 9

[* 9]